# RHODES v. RHODES.

EQUITY; HUSBAND AND WIFE; ALIMONY; DECREES; PLEADING; EVIDENCE; PRESUMPTION; CONSTITUTIONAL LAW.

1. The supreme court of the District of Columbia, sitting as a court of equity, has jurisdiction to grant alimony as an independent relief. (Following *Tolman* v. *Tolman*, 1 App. D. C. 299, and construing D. C. Code, sec. 980, 31 Stat. at L. 1346, chap. 854.)

2. The lower court having jurisdiction under D. C. Code, sec. 980, in a suit by a wife against her husband for maintenance, to require him to pay her "periodically, such sums as would be allowed her as permanent alimony in case of divorce," a decree, in such a case, requiring payment to be made periodically, as "permanent alimony," is not invalidated by the addition of the words last quoted. The effect of the decree is to be determined by its substance, and not by its form, and such additional words may be rejected as superfluous.

3. Upon a hearing in equity upon petition and answer, the facts alleged in the answer must be taken as true. (Following *Bohrer* v. *Otterback,* 2 App. D. C. 78; *Alfred Richards Brick Co.* v. *Trott*, 16 App. D. C. 293, and *Arnold* v. *Carter*, 19 App. D. C. 259.)

4. Where a defendant in equity admits in his answer the averments of the petition, but sets up new matter in avoidance, the defendant must reply in order to put the defendant to proof of such new matter. (Following *Alfred Richards Brick Co.* v. *Trott*, 16 App. D. C. 293.)

5. While an answer to a rule to show cause why a party should not be committed for contempt in refusing to obey a decree is not to be regarded with the strictness applicable to an answer to an ordinary bill for relief (following *Tolman* v. *Leonard*, 6 App. D. C. 224, and

*Moyers* v. *Cummings,* 17 App. D. C. 269), yet the facts alleged therein, if a sufficient answer to the rule, cannot be disregarded; and if the petitioner, without demurring, sets the cause down for hearing on petition and answer, he admits the averments of the answer.

6. In the absence of proof, it will be presumed that the proceedings of a foreign court resulting in a decree for divorce were regular, where that court had jurisdiction to grant such a decree in a proper case.

7. *Quære,* whether on a hearing on a rule to show cause why the defendant in a suit for maintenance by a wife should not be punished for contempt of court for failure to obey a decree of the court requiring him to make payments to his wife, which hearing is on the petition for the rule and the answer thereto, the pleadings in the cause prior to the decree can be considered as evidence negativing the averments of the answer to the rule, when not offered in evidence.

8. Failure by the defendant in a suit for maintenance by his wife, to deny the allegation of the bill that he was a resident of the District of Columbia, will not, in a proceeding by petition by the wife in the same cause several years after the passage of a consent decree requiring him to make payments to her for her support, to have him adjudged in contempt for failure to obey such decree, be taken as conclusive proof that a subsequent decree of divorce rendered in Virginia, without personal service on the wife, which he relies upon in his answer to her petition, was invalid, because the parties were not residents of Virginia at the time of the commencement of the suit there resulting in such decree.

9. It is not necessary to the jurisdiction of the supreme court of the District of Columbia in a suit for maintenance by a wife against her husband, that the defendant should be a resident of the District, provided personal service is had upon him here.

No. 2207.   Submitted December 12, 1910.   Decided January 3, 1911.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, requiring him to pay alimony to the plaintiff and directing his commitment as for contempt in case of default.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the supreme court of the District ordering the appellant, Daniel Rhodes, to make

payment of alimony to the appellee, Mary E. Rhodes, and ordering his commitment for contempt of court in case of default.

The petition of Mary E. Rhodes, filed May 26, 1910, alleged the following facts in substance: That she is a resident of the District of Columbia temporarily residing in the state of Illinois, and that defendant is a resident of the District of Columbia. That on November 2d, 1903, the supreme court of the District ordered defendant Rhodes to pay her the sum of $50 per month as permanent alimony. That payments were made in obedience to said order to June 15th, 1907, and $35 per month thereafter to August 15th, 1909. That no payment has been made since said last date, and respondent has refused and still refuses to make any other payment in obedience to said order. That petitioner is in bad health and without means. That respondent is amply able to pay the sums decreed by said court, having a salary of $1,300 per annum, and receiving an annual pension of $144. A rule was prayed to issue to respondent to show cause why he should not be held in contempt for disobedience of said decree.

In response to the rule respondent filed an answer, June 2d, 1910, alleging that he is a temporary resident of Maryland, but that his legal residence is in Fairfax county, State of Virginia, "where he formerly lived with petitioner, where their child is buried, where he enjoys the election franchise," etc. That petitioner has lived in Illinois about four years with her son, who is aged thirty-eight years, and two half sisters. That in May, 1902, petitioner abandoned the home of respondent for the third time, and went to Buckro Beach in the State of Virginia, where she contracted for the purchase of a house by means of money advanced to her by him from the sale of a house in the District of Columbia. That respondent had never lived with her since May, 1902, although he continued to provide for her support and that of her daughter, Grace B. Rhodes, now residing in Chicago, Illinois. That in the spring of 1903 petitioner was confined in the lunatic asylum in the District. That while on parole therefrom she

brought suit against respondent for alimony. That respondent
agreed to pay her $50 per month until the said daughter began
to earn her own living, when he reduced the sum to $35 per
month without objection by petitioner. That thereafter re-
spondent brought suit against the petitioner for divorce in the
circuit court of Fairfax county, Virginia, and at the September
term thereof, 1909, a decree was entered in said cause which
dissolved the marriage with petitioner, and of which she was
notified. That believing this decree to be valid, he ceased to
make any further payments to petitioner, and has since con-
tracted another marriage. A copy of the decree of the circuit
court of Fairfax county, Virginia, September term, 1909, was
made an exhibit to the answer. No replication was filed, and
on June 9th, 1910, the decree appealed from was entered. This
decree contains the following recital: "This cause came to be
heard on the petition of the complainant, the rule to show
cause why the defendant should not be adjudged in contempt
for his refusal to obey the order of this court passed on
the 2d day of November, 1903, and the answer of the defend-
and thereto, and thereupon   *   *   * ." The respondent filed
his own answer, but on June 14th, 1910, acting through at-
torneys, he filed a motion for rehearing, alleging that the
decree was rendered in his absence, and without hearing, he
being of the impression that it was not necessary to be present
in court after filing his answer. In support of this motion
respondent made an affidavit, in which he alleges that he mar-
ried petitioner in 1883, in the State of Colorado and resided
there about one year. That they came to the District of Colum-
bia in 1884 and resided there about four years. That in 1888
they purchased a home in Falls Church, Fairfax county, Vir-
ginia, and took up their residence there as a permanent home,
and resided there until 1903, when he was compelled to sell
his home. That he has continued from that time to retain
his legal residence in said county and State. This motion was
denied June 17th, 1910.

No evidence was taken in the cause; nor was their either

demurrer or replication to the respondent's answer to the rule to show cause.

Upon the assumption that the pleadings in the suit for alimony and the decree thereon form a part of the record, they have been incorporated in the transcript. Briefly stated the bill filed September 10th, 1903, was for alimony; no separation was asked. It alleged that complaint and defendant were both residents of the District of Columbia, and had been since the year 1884. The other allegations were of want of means, sickness, etc., and the failure of defendant to provide for her support. The answer thereto alleged general grounds why the petition should be denied, but also alleged his willingness to make such a semimonthly allowance to complainant as his means would warrant. He made *no denial of his residence in the District of Columbia.* The following decree was entered thereon November 2, 1903:

"This cause coming on to be heard upon the motion of the complainant to strike out the third 'averment' of the defendant's answer, and upon the further motion for alimony *pendente lite* and counsel fees, and the defendant appearing in open court and consenting to the passage of a final order, it is by the court this the 2d day of November, A. D. 1903.

"Ordered, adjudged, and decreed that the said third 'averment' in the defendant's answer be striken out, and that the defendant shall pay to the complainant twenty-five dollars on the 15th of November and twenty-five dollars on the first and fifteenth of each month hereafter as permanent alimony, and further that the defendant shall pay to the counsel for the complainant as counsel fees the sum of forty dollars, ten dollars thereof payable on the 1ts of December, A. D. 1903, and the balance thereof payable in semimonthly instalments of $10 each thereafter."

*Mr. William M. Ellison* and *Mr. Mason N. Richardson* for the appellant.

*Mr. George Amory Maddox* and *Mr. Edward S. Bailey* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The first assignment of error raises the question of the power of the equity court to make the decree for permanent alimony, the enforcement of which was sought in this proceeding. The jurisdiction of a court of equity, in this District, to grant alimony as an independent relief was declared in *Tolman* v. *Tolman,* 1 App. D. C. 299–311. Since that decision the power has been directly conferred by the Code, sec. 980 (31 Stat. at L. 1346, chap. 854). By the terms of this section the court may declare that the husband shall pay the wife "periodically, such sums as would be allowed to her, as permanent alimony in case of divorce." The decree referred to orders payment to be made periodically, as "permanent alimony."

The court having the power to order payments made periodically and having expressly exercised that power, its decree is not invalidated by the additional words. The effect of the decree is to be determined by its substance, and not by its mere form.

The additional words, "as permanent alimony," may be rejected as superfluous.

2. The answer to the petition and rule to show cause, drawn by the respondent himself, is inartificial, but alleges a fact that, if true, is a complete answer. That fact is the dissolution of the marriage in September, 1909, by a decree of the circuit court of Fairfax county, Virginia. As there was no replication or denial of the facts alleged, and the hearing was on the petition and answer, the facts alleged in the answer must be taken as true. *Arnold* v. *Carter,* 19 App. D. C. 259, 264; *Alfred Richards Brick Co.* v. *Trott,* 16 App. D. C. 293–299. As was said in the case last cited: "If the plaintiff concludes to set down the cause for hearing upon bill and answer,

the case is quite different. In that case, it behooves the plaintiff, however, to consider well whether he will rest his case upon the bill and answer, or whether he will reply to the answer; for it must be borne in mind that, in a hearing upon a bill and answer, the answer will be taken to be true in every point and particular, because the defendant has been, by the action of the plaintiff, precluded from substantiating it by proof. The plaintiff should be careful, therefore, to look attentively into the answer, and see that the effect of the defendant's admissions is not avoided by any new matter. If such should be the case, he should reply to the answer, and proceed to establish his case by evidence. It may sometimes, also, be found to be necessary to reply to the answer in order to put the defendant to the proof of the allegations of his answer; as where he confesses the matter alleged by the plaintiff, but sets forth some further matter in avoidance or in bar of the plaintiff's equity." See also *Bohrer* v. *Otterback,* 2 App. D. C. 78–79.

While it is true that an answer to a rule to show cause why a party shall not be committed for refusal to obey a decree is not to be regarded with the strictness applicable to an answer to an ordinary bill for relief (*Tolman* v. *Leonard,* 6 App. D. C. 224–234; *Moyers* v. *Cummings,* 17 App. D. C. 269–281), yet the facts alleged therein, if a sufficient answer to the rule, cannot be disregarded, and the plaintiff who, without demurring or replying thereto, sets the cause down for hearing on petition and answer alone, must be held to have admitted the truth of the facts alleged in the answer.

3. It is contended on behalf of the appellee that the facts set forth in the pleadings show that the Virginia court, granting the divorce, was without jurisdiction, and its decree is therefore void. The answer, while inartificial and lacking precision, nevertheless alleges that his legal residence is in the State of Virginia, where he formerly lived with petitioner; and that he obtained a decree of divorce from her in September, 1909, in a suit filed for that purpose in the circuit court of Fairfax county, a copy of which decree is attached to the

answer as an exhibit. As that court had jurisdiction to decree
a divorce in a proper case, the presumption of regularity at-
taches to its proceedings in the absence of proof. It is insist-
ed, however, that proof of want of jurisdiction is furnished
by the recitals of the pleadings in the suit that terminated in
the decree for alimony November 2d, 1903. As before stated,
those pleadings are embraced in the transcript, but it does
not appear that they were introduced or relied upon as evi-
dence to disprove the allegations of the answer. We are not
prepared to say that they can be taken notice of as evidence
in disproof of the answer without a replication thereto, or be-
ing offered in evidence. But assuming that they may be, we
are of the opinion that they do not conclusively show that
respondent had not a legal residence in the State of Virginia,
or that the petitioner had no residence there with him at the
time of separation. It is true that the bill filed September
10th, 1903, alleges that complainant is a resident of the District
of Columbia, and that she and respondent had resided therein
since about the year 1884. And it is also true that the answer
thereto did not expressly put that fact in issue. It was not
necessary to the jurisdiction in that proceeding that the defend-
ant should have been domiciled in the District of Columbia.
That he was found and served with process therein is all that
was necessary. Moreover, the answer of the defendant shows,
and the decree recites, that he appeared and consented to the
decree for alimony, and nothing else was apparently adjudi-
cated.

It may be, upon a disclosure of all the necessary facts, that
the courts of this District are not bound to give full faith and
vredit to the decree of the Virginia court, for the reasons given
in *Haddock* v. *Haddock,* 201 U. S. 562, 50 L. ed. 867, 26 Sup.
Ct. Rep. 525, 5 A. & E. Ann. Cas. 1. All that we now hold is
that the facts shown in the record are not sufficient to bring
the case within the principle of that case. It is a serious
thing to refuse to give credit to the judgments or decrees of
the courts of a State of the Union whose general jurisdiction
of the subject-matter is undoubted, by reason of special facts

or circumstances that would deprive them of that jurisdiction in a particular case. The seriousness of the situation is increased by the fact that the appellant, upon the faith of the decree attacked, has contracted another marriage which would be void if that decree was rendered without jurisdiction of the *rem,* or of the person of the defendant therein.

Considering, then, all of the facts alleged in the several pleadings as evidence, we are of the opinion that they are not sufficient to enable us to declare that the Virginia decree of divorce is entitled to no credit.

The decree will therefore be reversed, without costs to either party, and the cause remanded for further proceedings in conformity with this opinion.                    *Reversed.*