## Nichols v. Nichols.

(Decided November 9, 1920.)

### Appeal from Caldwell Circuit Court.

1. Divorce—Review to Determine Whether Alimony Was Properly Refused.—Though the Court of Appeals is without power to

reverse a decree of divorce, it may review the evidence for the purpose of determining whether alimony was properly refused.

2 Divorce—Pleading—Necessity of Pleading That a Former Divorce Had Been Granted on the Same Ground.—In order to be available the defense that plaintiff had secured a divorce from a former husband on the ground of cruel and inhuman treatment and was not entitled to a second divorce on that ground should have been pleaded.

JOHN G. MILLER and R. W. LISANBY for appellant.

JOHN C. GATES and S. D. HODGE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Alice Nichols sued her husband for divorce and alimony on the ground of cruel and inhuman treatment. He counterclaimed for divorce on the ground of fraud, charging that prior to their marriage, she was unchaste and falsely represented to him that she was chaste. A decree was rendered denying plaintiff the relief prayed for, but granting a divorce to defendant for the cause named in his counterclaim. Plaintiff appeals.

Though without power to reverse a decree of divorce, we may review the evidence for the purpose of determining whether alimony was properly refused. Sloan v. Sloan's Admr., 185 Ky. 369, 215 S. W. 38.

Plaintiff and defendant lived together for only a few months. The marriage was one of convenience, and neither treated the other with much consideration. For this condition of affairs each was to blame, and we are inclined to agree with the chancellor that plaintiff was not entitled to a divorce because the defendant treated her in a cruel and inhuman manner prior to their final separation.

As before stated, the defendant charged that his wife was unchaste prior to their marriage, and fraudulently represented to him that she was chaste. We have carefully examined all of the evidence bearing on this question and are of the opinion that it is wholly insufficient to sustain the charge of unchastity. That being true, defendant was not entitled to a divorce on that ground. Furthermore, we have frequently written that an unfounded charge of unchastity on the part of the wife is such cruel and inhuman treatment as will authorize a divorce on that ground. Smith v. Smith, 181 Ky. 55, 203 S. W. 884. We see no reason why the same rule

should not apply to the facts of this case. We therefore hold that plaintiff was entitled to a divorce because of such unfounded charge.

But it is insisted that plaintiff was not entitled to a divorce on the ground of cruel and inhuman treatment because she had theretofore obtained a divorce from another husband on that ground, and the statute provides that this cannot be done. Kentucky Statutes, section 2118; Iring v. Iring, 188 Ky. 65, 221 S. W. 219. It is sufficient to say that this defense was not presented by pleading, and therefore cannot be relied on by the defendant.

If plaintiff were altogether free from blame, we would be inclined to award her a more liberal allowance, but viewing the case in the light of all the circumstances, and particularly the fact that she, as well as the defendant, is in some measure responsible for their separation, we conclude that she should be allowed alimony in the sum of $1,000.00.

We perceive no reason for increasing the fee of $250.00 allowed to plaintiff's attorneys.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.