### DEVLIN v. ESHER et al.

(Court of Appeals of District of Columbia. Submitted April 5, 1922. Decided May 1, 1922.)

No. 3729.

Dower ⬤⟶46(4)—Inchoate right of wife of tenant in common is defeated by sale for partition.

Under Code, § 88, providing that the wife of a tenant in common need not be made a party to partition, but that her rights shall attach to the portion assigned to her husband, section 89, authorizing the court to assign dower to a widow before sale, section 90, authorizing sale for partition free from right of dower by the wife of any cotenant, and section 93, providing for division of the proceeds of the partition sale among the parties, the inchoate dower right of a wife of a tenant in common, as distinguished from the vested right of the widow of such tenant, is not to be set off to the wife on sale of the property for partition, but her husband is entitled to his entire distributive share.

Appeal from the Supreme Court of the District of Columbia.

Partition proceedings between Albert D. Esher and others, in which Ilma Devlin filed exceptions to the auditor's report. From a decree overruling the exceptions, Ilma Devlin appeals. Affirmed.

W. C. Sullivan, of Washington, D. C., for appellant.
Albert D. Esher, of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree of the Supreme Court of the District, overruling appellant's exceptions to the report of the auditor of that court, the sole question being whether the wife of a tenant in common of real estate is entitled, in partition proceedings, to dower in her husband's share of the proceeds of the sale thereof.

Section 88 of our Code provides that, in an application to the court to decree a partition of real estate between tenants in common, it shall

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not be necessary to make the wife of any cotenant a party to the proceeding, but that—

"her right of dower shall attach to whatever part of such property may be assigned in severalty to her husband, and the other parts thereof shall be assigned free of said right of dower."

Section 89 provides that, whenever a decree is rendered for the sale of land in the whole of which a widow is entitled to dower, if she shall not consent to a sale free of her dower, the court may, if it appears advantageous to the parties, cause her dower to be laid off and assigned as aforesaid. But if she will consent in writing to a sale of the property free of her dower—

"the court shall order the same to be sold free of her dower, and shall allow her, in commutation of her dower, such portion of the net proceeds of sale as may be just and equitable, not exceeding one-sixth nor less than one-twentieth, according to the age, health, and condition of the widow."

Section 90 reads as follows:

"Whenever real property is decreed to be sold for the purpose of division of the proceeds between tenants in common because the said property is incapable of being divided between them in specie, the court may decree a sale of the property free and discharged from any right of dower by the wife of any of the parties in his undivided share."

Under section 93 there shall be a division of the proceeds of a partition sale "among the parties, according to their respective rights."

In Randall v. Krieger, 23 Wall. 137, 148 (23 L. Ed. 124), after pointing out that, since the Statute of the 3 and 4 William IV, abolishing dower ad ostium ecclesiæ and ex assensu patris, dower given by law is the only kind which has existed in England, "and it is believed to be the only kind which ever obtained in this country," the court said:

"During the life of the husband the right is a mere expectancy or possibility. In that condition of things, the law-making power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, or otherwise alter it, or wholly take it away. It is upon the same footing with the expectancy of heirs, apparent or presumptive, before the death of the ancestor. Until that event occurs the law of descent and distribution may be moulded according to the will of the Legislature."

Haggerty v. Wagner, 148 Ind. 625, 48 N. E. 366, 39 L. R. A. 384, involved the question whether, in a partition suit between cotenants, the wife of one of them is a necessary party, and, if not made such a party, whether she will be bound by the proceeding and sale, though she outlives her husband and becomes his surviving widow. Both these questions, after an exhaustive consideration, were ruled against the wife. There the statute provided that the monies arising from a partition sale, after payment of costs and expenses, "shall be paid by such Commissioner to the persons entitled thereto, according to their respective shares." 2 Gav. & H. Rev. St. p. 365, § 23. The court, after pointing out that a wife's interest exists by virtue of seizin of the husband and therefore is subject to any incumbrance, infirmity, or incident attaching to that seizin, including the right to compel a partition by sale, said:

"But there is another reason why the right to partition by sale is paramount to the inchoate right of the wife, of a cotenant, and that is the cotenant's title is an actual present existing estate in the real property, whereas the inchoate right of the wife therein is only the possibility of such an estate accruing to the wife dependent upon uncertain future events which may never happen, and, therefore, such estate may never exist. To hold that the cotenant's right to partition is not paramount to his wife's inchoate right, is to hold that a present absolutely existing estate is not superior and paramount to a mere possibility of the existence of such an estate."

In Weaver v. Gregg, 6 Ohio St. 547, 67 Am. Dec. 355, it was held that a partition sale and deed, without making the wife of a cotenant a party, extinguished her inchoate right of dower, under a statute similar to our Code.

In Flynn v. Flynn, 171 Mass. 312, 50 N. E. 650, 42 L. R. A. 98, 68 Am. St. Rep. 427, a well-reasoned case, it was ruled that when land is taken by the right of eminent domain, the wife of the person whose land is so taken is not entitled, by reason of her inchoate right of dower, to have a portion of the proceeds set apart for her in the event she survives her husband.

In Moore v. New York, 8 N. Y. 110, 59 Am. Dec. 473, recognized and affirmed in Witthaus v. Schack, 105 N. Y. 332, 11 N. E. 649, the court said:

"The question is whether the possibility of dower accruing to the wife after marriage, but before the death of her husband, is an interest in law, within the purview of this statute. * * * Such a possibility may be released, but it is not, it is believed, the subject of grant or assignment, nor is it in any sense an interest in real estate."

Washburn on Real Property thus states the law:

"The wife of a tenant in common holds her inchoate right of dower so completely subject to the incidents of such an estate that she not only takes her dower out of such part only of the common estate as shall have been set off to her husband in partition, but if by law the entire estate should be sold in order to effect a partition, she loses by such sale all claim to the land, although no party to such proceeding." 1 Washb. Real Prop. 208.

Coming back to the provisions of our Code, we find that, under section 88, if a partition in kind is made, the wife's dower interest attaches to the part assigned her husband. Section 89 deals with the vested dower interest of a widow, as distinguished from the "mere expectancy or possibility" of a wife's interest. Randall v. Krieger, 23 Wall. 137, 148, 23 L. Ed. 124. Recognizing this vested character of a widow's interest, Congress in this section required that interest to be either assigned or commuted, but in section 90, dealing with the "mere expectancy or possibility" of a wife's interest, Congress in terms provided that a partition may be decreed "free and discharged from any right of dower by the wife of any of the parties in his undivided share." And in section 93 it is provided that the proceeds of such a sale shall be divided "among the parties, according to their respective rights." We think the conclusion irresistible that the terms "parties" and "rights" mentioned in section 93 are defined and limited by the provisions of the preceding sections to which we have referred; in other words, that under the provisions of section 90 the husband is the sole

party interested, and hence entitled to his distributive share in the proceeds of the partition sale, as found by the trial court.

Decree affirmed, with costs.

Affirmed.