Argued June 12, modified September 25, 1928.

CASPAR WILHELM *v.* JULIA WILHELM.

(270 Pac. 516.)

For appellant there was a brief and oral arguments by *Mr. Thomas Mannix* and *Mr. I. G. Ankelis*.

For respondent there was a brief and oral arguments by *Mr. A. W. Gentner* and *Mr. A. W. Orton*.

COSHOW, J.—The evidence in the case is very unsatisfactory. Plaintiff almost totally failed to prove the allegations of his complaint. Only one of his witnesses tended to corroborate plaintiff's testimony. The complaint is not definite in its charges but is very extravagant and the evidence fails, in our opinion, to support those charges. No possible good can result from detailing the evidence.

■ ■ Defendant is corroborated by both of her daughters now grown. In these corroborations plaintiff is flatly contradicted. A large part of plaintiff's testimony was outside of the issues framed by the pleadings. In fact all of the damaging evidence against defendant was outside of the issues and for that reason cannot be considered. Plaintiff charges that he was driven from his home because de-

fendant took in a man as a boarder without charging him one cent and alleges that that boarder and defendant were unduly intimate. The evidence discloses that the man taken in as a boarder and referred to by plaintiff was a young man who was the fiancé of Freda, the elder daughter of the parties. Freda was at that time working for and living with a family in another part of the city but was home nearly every afternoon. Her fiancé was out of a job and "broke." She brought him to her home when her parents were there and asked if he could not stay while seeking a job. Plaintiff at that time made no objection and the mother consented. It seems that plaintiff and the young man did not get along very well. The latter was a nonunion man and plaintiff was a union man. The evidence does not disclose any improper relations between defendant and that young man. She presented him with a pair of socks, costing a dollar, for Xmas. He called her mother and at one time kissed her in the presence of the family. Considering the relation of the parties there was no impropriety in this conduct. The young people were married in May, 1927. Other equally fanciful charges are made against defendant which plaintiff failed to prove. The evidence does disclose that he on more than one occasion called her vile names which challenged her marital fidelity. We think defendant was not entirely free from blame. Plaintiff's misconduct was so out of proportion to the misconduct of defendant and the evidence preponderates so strongly in favor of defendant that she was entitled to a divorce.

The principal contention here is over the property rights. Plaintiff's testimony is very general to the effect that he owned two thirds of the money in-

vested in all the property jointly owned. Defendant claims that she invested a part of the money in the house originally bought and had furnished all the money invested in the lot and flats built thereon. She also claims to have purchased the 10 shares of stock in the Northwestern Electric Company and that plaintiff invested only the $300 in said stock for the three shares. It is impossible to determine from the evidence how much of the money either party furnished in said investment. Both of them were hard-working people. The defendant seems to have worked as constantly as did the plaintiff. It occurs to us that in all probability the disagreement between the parties is the result of both leading extremely laborious lives, attempting to accumulate property by denying themselves the ordinary comforts of a home, and thereby sacrificing the domestic felicity which should follow marriage vows. We cannot help believing that had these parties been content to have accumulated less and built around themselves and their daughters a happy home, this suit would not have been instituted.

■ We concur with the learned trial court in finding that the evidence does not support the contention of defendant that she furnished all of the money invested in the flats. A resulting trust in those flats cannot be declared upon the testimony in favor of defendant.

■ ■ This case was heard and decided before the decision in the case of *Schafer* v. *Schafer*, 122 Or. 620 (260 Pac. 206), was rendered. The court there held that the statute requiring the court to give the prevailing party in a divorce case one third of the real property of the other did not obtain where the property was held by the parties as tenants by

the entirety. The court ruled in that case that the effect of the divorce was simply to create the parties tenants in common. The writer of this opinion disagreed with the majority in the Schafer case, and is still of the opinion that our decision in that case is inconsistent with the former decisions of this court involving estates by the entirety, and is in direct violation of said statute, but it is now the law of the state. If it is to be changed, it should be revised by the legislature because it has become a law of property. For that reason the decree of the lower court must be modified so as to declare that plaintiff and defendant are the owners of said real property as tenants in common, each holding an undivided one-half thereof.

Both parties contributed in accumulating the property. By the decision of *Schafer* v. *Schafer,* above, defendant, though not the party at fault, is denied any interest in the real property of plaintiff. She has lost her right to the property in case plaintiff's death precedes hers. Notwithstanding she is not the party at fault instead of being awarded a part of plaintiff's real property, she is actually losing ownership of all interest therein in case she survives the plaintiff.

■■ We think that defendant is not entirely free from blame for the trouble that has arisen between her and plaintiff. For that reason we do not allow her as liberal alimony as we would if she had been entirely free from blame. We do not know the age of these parties. Both of them must at least be in middle life, if not beyond. Both of them have worked like slaves to accumulate the property they have. Their industry is commendable and the day

when they will have to quit such arduous lives as they have heretofore followed is near at hand. We think that under the circumstances, the situation of the parties and the nature of their property, that it would be better for both of them if alimony is granted in lump rather than required to be paid in monthly installments. For that reason the decree of the Circuit Court will be further modified by allowing defendant $3,000 as permanent alimony. In all other respects the decree of the court below is affirmed.                    AFFIRMED.