## Littleton v. Littleton.

(Decided May 7, 1929.)

WAUGH & HOWERTON for appellant.

JOHN M. THEOBALD and R. C. LITTLETON for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The appellant, Mrs. Rebecca J. Littleton, was awarded a decree of divorce from the appellee, Andrew J. Littleton, and given $1,000 as alimony, and an allowance of $200 for attorneys' fees. From the judgment respecting these allowances, she prosecutes an appeal, and the appellee asks a cross-appeal; the one claiming they are not sufficient, and the other that nothing should have been allowed.

The parties were elderly at the time of their marriage in December, 1924, and both had been married previously. They are substantial citizens of Carter county, and there is nothing in the record that reflects upon the character of either of them. The evidence of cruel and inhuman treatment upon which appellant based her claim for divorce consists principally of what she construed as manifestations of jealousy on the part of the husband, together with a single unnatural accusation by him, as testified to by the wife, with very slight corroboration. This is emphatically denied by the husband, who says, upon the occasion referred to, she grossly misunderstood him, and that he was merely joking with his wife at other times. Although the appellee counterclaimed for a divorce on the ground of abandonment, he appears at all times to have endeavored to effect a reconciliation, even during the taking of testimony in the case. The trouble between the parties seems to have been incompatibility and in part to have arisen out of the kindly consideration of Mrs. Littleton of a wayward and unfortunate son of Mr. Littleton by a former marriage, he insisting that the son should be dealt with more strictly in order to effect a reformation.

While the divorce decree is not before us, it is proper to consider the evidence on that phase of the case in relation to the amount of the allowance for alimony and counsel fees. Shehan v. Shehan, 152 Ky. 191, 153 S. W. 243; Nichols v. Nichols, 189 Ky. 500, 225 S. W. 147; Ramey v. Ramey, 224 Ky. 398, 6 S. W. (2d) 470. Although no invariable, strict rule can be laid down for the measurement of proper alimony—the Statutes (section 2122) merely providing that it shall be such as shall be deemed equitable—the following general criterion established in Shehan v. Shehan, supra, has been substantially applied in numerous cases, under varying facts and cir-

cumstances: "In estimating the allowance of alimony, there is no fixed standard. The matter is within the sound judicial discretion of the chancellor. It will be regulated by a number of circumstances that properly enter into the consideration. Among them is the size of the estate of the husband, and its productiveness; his income and earning capacity; his age, health and ability to labor; the age, health and station of the wife; and, it may be added, that the particular cause of the divorce may properly enter into the consideration, as will be illustrated further along."

Among the elements which affect the determination of the issue in this case are the degree of fault of the parties, their ages, respective financial condition, and the fact that the wife did not assist in the accumulation of the husband's estate.

While the evidence perhaps justified the decree of divorce, it cannot be said that the appellant was entirely free of fault in abandoning her husband or that he was guilty of any extreme misconduct. As to the one serious charge, we are rather convinced that the wife misunderstood the husband.

At the time of the separation Mrs. Littleton was about 59 years old, and Mr. Littleton 66 years of age. They had been married only about three years, and the wife had no share in the accumulation of his estate. It is shown that the appellant has about $20,000, received from her first husband's estate; and that she had, through the operation of a poultry farm, earned about $1,200 a year preceding her marriage with appellee. The evidence as to the husband's property is strikingly meager. It is merely shown that he owns less than 100 acres of land, with a substantial residence on it, worth from $5,000 to $8,000, and some bank stock, but the value is not disclosed. He was a director of a local bank, and one witness stated he had always been regarded as a man of considerable estate. This is peculiarly a case where the judgment of the chancellor should be given considerable weight, and there is nothing in the record to justify this court in modifying that judgment.

■ It is insisted by appellant that her motion to have the regular judge vacate the bench ought to have been sustained. The motion specifically denied any intention to reflect on the integrity of the judge, but merely rests on the ground that he was a former partner with

appellant's son in the practice of law, and that he is associated with the appellee as a stockholder and director in a local bank. Even if that should be held sufficient, or if there were anything in the record indicating an unfair trial of the case—and there is not—the motion came too late, for it was not filed until after the pleadings had been completed and proof taken and the case ready for submission. See numerous authorities cited in note to section 968 of the Statutes.

■ The appellant, shortly after the separation in May, 1927, filed a suit for divorce asking alimony. An answer was filed, and, no proof having been taken, at the following November term, the suit was dismissed by the court. Shortly after that dismissal this suit was filed. The appellee claims that the former judgment is a bar to this suit in so far as the award of alimony is concerned. The plea of res judicata is not available. The court below having granted a divorce to the wife, alimony is an incident thereto, and properly goes with the decree.

■ The appellant has moved the court for an allowance for counsel fees for services rendered in this court. Under the circumstances of this case a fee of $50 will be allowed to be taxed as cost; all of which is to be paid by the appellee. Kreiger v. Kreiger, 194 Ky. 812, 241 S. W. 828.

The judgment is affirmed on both original and cross appeal.