## GARRETT v. GARRETT.
### No. 5529.

Court of Appeals of the District of Columbia.
Argued Oct. 11, 1932.
Decided Nov. 28, 1932.

Raymond Neudecker and Jean M. Boardman, both of Washington, D. C., for appellant.

William B. Wolf and Simon Fleishman, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal by a wife, plaintiff below, from a decree of the Supreme Court of the District of Columbia granting her a divorce a mensa et thoro and alimony.

Because her allowance is $130 per month from her husband's salary of $10,000 per year she takes this appeal.

The parties were married in this District in December, 1920, where they lived together until November, 1929, without children of the marriage.

The bill and answer are not in accord as to the circumstances surrounding their separation, and the statement of evidence filed in this court recites only their testimony as to their financial condition.

When they were married the defendant was earning $25 a week, and he testified that as his earnings increased he gave the plaintiff all the comforts consistent with their position.

At the time of the hearing he was manager of the furniture department of a large department store, and in receipt of a salary of $10,000 a year, which in 1930 at least was augmented by a bonus of $660.

He was indebted to a local bank in the sum of $10,000, secured by stocks and bonds, the income from which partly paid the interest on the loan.

By court order he was paying $10 a month for the support of three children by a former marriage.

He claimed to be assisting one of those children, a girl of eighteen, with her schooling; but the record is silent as to the cost of such aid.

He enumerated, as expenses, insurance, the amount of which is not in the record, and contributions toward the support of his aged mother, the amount of which is not in the record other than that in the preceding year when she was sick he had incurred an unusual indebtedness of four or five hundred dollars on her account.

Those major claims are all that require our consideration.

It thus appears that the children by the earlier marriage, and defendant's mother,

were probably, in effect, provided for by his bonus, while the interest on his loan was largely taken care of by the dividends from the securities.

■ In this situation the trial court decided that the plaintiff had shown herself entitled to a decree of divorce a mensa et thoro under the Code, and it is so well recognized that the procedure of a trial court is better adapted to the proper allowance of alimony that an appellate court will very rarely undertake to substitute its judgment on such a question. Tolman v. Tolman, 1 App. D. C. 299; Shaw v. Shaw, 2 App. D. C. 204; Lesh v. Lesh, 21 App. D. C. 475; Reed v. Reed, 52 App. D. C. 36, 280 F. 1009; Lachowicz v. Lachowicz, 60 App. D. C. 373, 55 F.(2d) 535.

Particularly where, as in this case, the statement of evidence brought up is very brief, dealing with only one aspect of the controversy, upon which we are asked to hold that the trial court, which saw the witnesses and heard all the evidence, erred.

It may be that a practice has grown up in this jurisdiction, and elsewhere, of awarding a successful wife in a divorce suit, where there are no children, approximately one-third of the husband's earnings, if she has no other means of support. In Creel v. Creel, 43 App. D. C. 82, and later in O'Neil v. O'Neil, 57 App. D. C. 155, 18 F.(2d) 805, we sustained such an allowance.

■ But however equitable an apportionment that may usually be, the amount to be allowed in each case is to be fixed in view of the circumstances of each case in the judicial discretion of the trial justice, who is in the best position to do it.

The Code provides for a continuing jurisdiction of alimony orders in the trial court, where the review of such orders in proper cases should ordinarily be more expeditious and efficacious than in this court. Code D. C., title 14, § 73.

And while we do not wish to be understood as disclaiming jurisdiction of appeals from such decrees, the record in this case succeeds only in indicating a financial situation where the allowance might well have been larger, if warranted by the other circumstances, upon which there is no showing here.

The decree is therefore affirmed without prejudice, all costs of the appeal to be paid by the appellee.

Affirmed.