## VERTNER v. VERTNER et al.
### No. 6034.

Court of Appeals of the District of Columbia.
Argued March 6, 1934.

Decided April 16, 1934.

H. Winship Wheatley and H. Winship Wheatley, Jr., both of Washington, D. C., for appellant.

Jaquelin A. Marshall, of Washington, D. C., for appellee Edmund K. Vertner.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from an order in the Supreme Court of the District denying leave to intervene in a partition proceeding.

According to the averments of the tendered petition, Edmund K. Vertner (an appellee), a resident of Florida, and one of several tenants in common of real estate in the District of Columbia, was made a party defendant in the partition suit in which appellant seeks to intervene. Vertner filed an answer to the bill seeking partition, admitting its allegations. Appellant, wife of Vertner, and a resident of Virginia, sought leave to file an intervening petition, alleging failure on the part of Vertner to provide for her support and the support of their minor child.

Appellant prayed (1) that a writ of subpœna be issued against Vertner; and (2) if returned not to be found, that substituted service of process as on a nonresident be had, or in lieu thereof that she should have publication against Vertner for the purpose of acquiring jurisdiction; (3) that Vertner be required to maintain her and that the fund found due him in the partition proceeding be impounded in the hands of a trustee or other suitable person to be appointed by the court; that from such fund petitioner be paid a reasonable sum to reimburse her for expenses of maintenance for herself and minor child; and that such part of the fund as may be reasonable be impounded to provide for the future maintenance of herself and child; (4) that she be paid out of such fund a sum equivalent to her inchoate right of dower; and (5) for general relief.

A suit for maintenance is a proceeding in personam, and section 378, title 24, D. C. Code, 1929 (section 105, D. C. Code, 1924), authorizing substituted service, does not apply in suits for maintenance. Bliss v. Bliss, 60 App. D. C. 237, 50 F.(2d) 1002. See, also, Staffan v. Zeust, 10 App. D. C. 260, 271.

In Tolman v. Tolman, 1 App. D. C. 299,

784

311, relied upon by appellant, the opinion recites that "the husband resides here, and is therefore subject to the jurisdiction of the court." .

In Rhodes v. Rhodes, 36 App. D. C. 261, the wife was a resident of the District of Columbia and the husband was personally served in the District and filed an answer to the bill.

In the present case both husband and wife are nonresidents.

In Devlin v. Esher, 52 App. D. C. 30, 280 F. 1004, 1006, the question whether the wife of a tenant in common of real estate in the District of Columbia is entitled in a partition proceeding to dower in her husband's share of the sale thereof, was answered in the negative. We said: "Under the provisions of section 90 [section 90, D. C. Code, 1901; section 386, title 25, D. C. Code, 1929] the husband is the sole party interested, and hence entitled to his distributive share in the proceeds of the partition sale. * * * "

Moreover, the order denying leave to intervene in the circumstances of the case is not appealable. In U. S. v. California Co-op. Canneries, 279 U. S. 553, 556, 49 S. Ct. 423, 424, 73 L. Ed. 838, the court said: "The Supreme Court [of the District] denied leave to intervene. The Canneries appealed to the Court of Appeals. That court, so far as appears, did not consider the question whether, in view of the Expediting Act (15 USCA §§ 28, 29), it had jurisdiction on appeal. It did not refer to the decisions which hold that an order denying leave to intervene is not appealable, In re Cutting, 94 U. S. 15, 24 L. Ed. 49; Credits Commutation Co. v. United States, 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782; Ex parte Leaf Tobacco Board of Trade, 222 U. S. 578, 581, 32 S. Ct. 833, 56 L. Ed. 323; In re Engelhard, 231 U. S. 646, 34 S. Ct. 258, 58 L. Ed. 416; City of New York v. Consolidated Gas Co., 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870; New York v. New York Telephone Co., 261 U. S. 312, 43 S. Ct. 372, 67 L. Ed. 673, except where he who seeks to intervene has a direct and immediate interest in a res which is the subject of the suit. * * * " "

It follows from what we have already said that appellant has no such "direct and immediate interest" as would entitle her to intervene as a matter of right.

The order is affirmed.

Affirmed.