## Hawkins v. Hawkins.

(Decided Feb. 22, 1938.)

V. R. LOGAN for appellant.
PLEAS SANDERS and J. V. CARDER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

On her counterclaim, the chancellor granted Mrs. Ledoshia Hawkins a divorce from the appellant, B. N. Hawkins, on the ground of cruelty, and awarded her $1,000 as alimony and $100 for her attorneys. The appellant asks a reversal of the judgment of alimony for the reason that he should have been granted the divorce on the ground of abandonment, hence that she is not entitled to alimony.

We concur in the conclusion of the trial court that the treatment by the appellant of the appellee during her illness of two years or more of a chronic affliction constituted cruel treatment, justifying the granting of a divorce to her. That being so, she is entitled to rea-

sonable alimony. Burns v. Burns, 256 Ky. 834, 77 S. W. (2d) 418.

In ascertaining what is reasonable alimony, several conditions other than the amount of the husband's estate are considered. Among them are the relative responsibility of the parties for the marital difficulties, their ages and conditions of health, their respective independent situations, the productiveness of the husband's estate and his earning power, and whether the wife helped in the accumulation of the estate through her co-operative efforts. Littleton v. Littleton, 229 Ky. 353, 17 S. W. (2d) 204; Jones v. Jones, 261 Ky. 647, 88 S. W. (2d) 673; Duff v. Duff, 268 Ky. 343, 104 S. W. (2d) 1095.

The parties to this suit were married December 24, 1930. She went to Bowling Green on June 1, 1936, and stayed with her children by a former marriage while under the care of physicians. But it appears the definite separation was not until a year later. Hawkins is now 60 years old and Mrs. Hawkins about 3 years his junior. He owns 148 acres of land in Edmonson county, with improvements and necessary equipment. He testified that all his property is worth about $2,500, and that he owes $100. The appellee introduced no evidence as to his financial worth or his ability to pay alimony or maintenance. Drawing on his own knowledge of land values in the community and the probable worth of the appellant's personal property, the chancellor estimated his estate to be worth about $3,500. Considering the record of marital difficulties, of the proven value of the husband's estate, his age, and the fact that the wife had had no part in the accumulation of his property, together with other circumstances disclosed, it seems to us that the judgment is slightly excessive and that an award of $800 alimony, together with $100 for the wife's attorneys, is equitable.

Wherefore, the judgment is reversed, with directions to enter a consistent order.