**MELVIN v. MELVIN.**

**No. 7910.**

United States Court of Appeals for the District of Columbia.

Argued May 4, 1942.

Decided June 8, 1942.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellant.

Mr. James R. Murphy, of Washington, D. C., with whom Mr. William L. Woodward, Jr., of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and STEPHENS, MILLER, VINSON, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

This is a wife's suit for separate maintenance. The District Court awarded her $100 a month, together with counsel fees, and the husband appeals. His salary is $4,600 a year.

Our statute provides: "Whenever any husband shall fail or refuse to maintain his wife and minor children, if any, although able so to do, the court, on application of the wife, may decree that he shall pay her, periodically, such sums as would be allowed to her as permanent alimony in

case of divorce * * *." [1] Another statute expressly gives the court jurisdiction, in general, of suits against nonresidents who are served with process here. [2]

The court found, on sufficient evidence, that the last matrimonial domicil of the parties was in Virginia, and that neither husband nor wife resided or was domiciled in the District of Columbia at or after the filing of the suit. Appellant left appellee some years ago, and has not lived with her since. He remarried, after procuring an Arkansas divorce which is here attacked, and has since lived with his second wife in Maryland. Appellee lives in Virginia. They have no children.

In Curley v. Curley, 74 App.D.C. 163, 120 F.2d 730, 732, we said: " * * * the public policy of the District of Columbia does not require its courts to take jurisdiction of a matrimonial dispute between two persons who are neither domiciled in the District nor even residents thereof; especially where there is no showing that the welfare of children, rights of property, or other public interests, in the District are in any way affected." Our view was, and is, that the District Court's undoubted jurisdiction [3] of maintenance suits between nonresidents domiciled elsewhere should not be exercised unless unusual circumstances justify trial here. [4] There are such circumstances in the present case. Appellant's domicil is uncertain and would probably be difficult to establish. His work, when he is not traveling, is in the District of Columbia. His present home in Maryland is only a few miles away. Both parties once lived, and appellee now lives, a few miles away in Virginia. After appellant left Virginia and before he moved to Maryland, he lived for some time in the District. Although he claims Arkansas as his domicil, he does not contend

that he actually lives there. In his Arkansas divorce suit the depositions of several of his witnesses were taken in this District. It may be inferred that it was more convenient not only for appellee, but for appellant as well, to try this suit here than elsewhere. No such inference could possibly have been drawn in the Curley case. There the parties had lived, and the plaintiff still lived, in Pennsylvania; and the defendant had acquired a new domicil in Florida. It did not appear that either party had any recent and substantial connection with the District of Columbia.

In 1939 appellant obtained a decree of divorce against appellee in Arkansas, where appellant claimed to have acquired a domicil; but the District Court has found, on sufficient evidence, that this claim was false and this divorce void.

Appellant sought to show, by various witnesses, that appellee treated him harshly for years before he left her. The court excluded this as res judicata. A suit for limited divorce on the ground of cruelty, which appellant had brought against appellee in Virginia, was decided against him. Cruelty is variously defined in various jurisdictions. If we assume that it has the same meaning here today which it had in Virginia in 1936, and that the Virginia decree determines that appellant is not entitled to a limited divorce under our law, we think the proffered evidence was nevertheless admissible. The District of Columbia statute provides that maintenance may be awarded to the wife in "such sums as would be allowed to her as permanent alimony in case of divorce." It thereby assimilates maintenance, at least as regards amount, to alimony. [5] Alimony is largely discretionary. [6] It may be granted to a wife who is at fault; [7] it may, in a proper case, be denied against a husband

[1] D.C.Code (1929) Tit. 14, § 75, (1940), § 16—415.

[2] D.C.Code (1929) Tit. 18, § 44, (1940), § 11—306.

[3] Cf. Tolman v. Tolman, 1 App.D.C. 299; Rhodes v. Rhodes, 36 App.D.C. 261; Vertner v. Vertner, 63 App.D.C. 179, 70 F.2d 783.

[4] This is an application of the doctrine called forum non conveniens. Canada Malting Co. v. Paterson Steamships, Ltd., 285 U.S. 413, 418, 52 S.Ct. 413, 76 L.Ed. 837; Rogers v. Guaranty Trust Company of New York, 288 U.S. 123, 130, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720; Cf. Massachusetts v. Missouri, 308 U.S. 1, 19, 60 S.Ct. 39, 84 L.Ed. 3. We do not understand that these cases are overruled by the recent cases of Baltimore & Ohio Railroad v. Kepner, 314 U.S. 44, 62 S.Ct. 42, 86 L.Ed. 37, and Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L. Ed. —.

[5] Cf. Thompson v. Thompson, 226 U. S. 551, 559, 33 S.Ct. 129, 57 L.Ed. 347.

[6] Garrett v. Garrett, 61 App.D.C. 309, 62 F.2d 471.

[7] D.C.Code (1929) Tit. 14, § 72, (1940), § 16—412; Jaffe v. Jaffe, 74 App.D.C. 394, 124 F.2d 233.

who is at fault; and its amount is elastic. If appellee's alleged unkindness did not give appellant cause for the divorce which he sought, and did not even justify his leaving her, nevertheless it would, if proved, affect the question how much she should in fairness receive, and how much he should in fairness be required to pay, as alimony or maintenance.[8] Whether or not Underwood v. Underwood was right in holding that acts which are not a cause for a limited divorce cannot justify desertion,[9] they may justify either a denial or an abatement of maintenance.

■ The District Court has authority to award counsel fees in a suit for maintenance.[10]

Reversed.

STEPHENS, Associate Justice.

I cannot agree that Curley v. Curley rules that the courts of the District of Columbia shall not exercise jurisdiction, in suits for maintenance where the parties are not residents of the District, except "in unusual circumstances," and I think that such a criterion for the exercise of jurisdiction has no legal meaning and constitutes no workable guide for the trial court. Curley v. Curley I think holds merely that in situations where such a foreign domicile has been acquired as will warrant recognition of a foreign divorce decree on a basis of comity, the courts of the District of Columbia are not *required* to take jurisdiction of a maintenance suit involving non-residents. That being the holding of Curley v. Curley I think it constitutes no precedent for determination of the question whether in the instant case jurisdiction should have been accepted or rejected by the trial court, for in the instant case the asserted foreign domicile was found by the trial court to have been but a falsely pretended domicile and there was evidence to support that finding. Therefore the foreign divorce decree was invalid and there is no basis for comity.

I see no reason why we should presumptively discountenance maintenance suits between non-residents. Such actions are *in personam* and are therefore transitory.[1] A husband, wherever he is, is under a continuing duty to support his wife. I think the question of the exercise or non-exercise of jurisdiction in this type of cases should be left to the discretion of the trial court, so that it may be free to apply, in the interest of justice, the doctrine *forum non conveniens* as the justice of the particular case may require, and that we should not reverse except for abuse of discretion. I accordingly agree that we ought to affirm the acceptance of jurisdiction in the instant case by the District Court, no abuse being shown.

I agree also that the Virginia decree was not *res judicata* in respect of the wife's alleged cruelty, so far as the same might bear upon the amount of maintenance to be awarded her. The issue in the Virginia suit was whether or not her cruelty constituted a cause of action for divorce in the husband's favor. The issue in the instant case, so far as cruelty is concerned, is whether or not the wife's conduct was such as might warrant the court's reducing the amount of maintenance below what it would otherwise grant. These two issues are, I think, different. Conduct of a wife may properly be considered in determining the amount of maintenance to which she is entitled. See: Littleton v. Littleton, 1929, 229 Ky. 353, 17 S.W.2d 204; Wilhelm v. Wilhelm, 1928, 126 Or. 388, 270 P. 516; Nichols v. Nichols, 1920, 189 Ky. 500, 225 S.W. 147; Closz v. Closz, 1918, 184 Iowa 739, 169 N.W. 183; Jones v. Jones, 1892, 95 Ala. 443, 11 So. 11, 18 L.R.A. 95. These cases involve alimony, but the local statute assimilates maintenance to alimony. D.C.Code (1940) § 16—415.

RUTLEDGE, Associate Justice.

I concur in the result. The circumstance which justifies the exercise of jurisdiction here and, in my opinion, distinguishes this case from Curley v. Curley,

[8] Cf. Howard v. Howard, 72 App.D.C. 145, 112 F.2d 44; Brown v. Shimabukuro, 73 App.D.C. 194, 195, 118 F.2d 17.
[9] 50 App.D.C. 323, 271 F. 553. Contra, Lyster v. Lyster, 111 Mass. 327, 330; Campbell v. Campbell, 110 Conn. 277, 147 A. 800.
[10] Tolman v. Tolman, 1 App.D.C. 299, 311; Lesh v. Lesh, 21 App.D.C. 475. Cf. Rhodes v. Rhodes, 36 App.D.C. 261,

265. Pedersen v. Pedersen, 71 App.D.C. 26, 107 F.2d 227, does not decide the contrary.
[1] To the effect that maintenance suits are actions *in personam* see: Tolman v. Tolman, 1893, 1 App.D.C. 299; Rhodes v. Rhodes, 1911, 36 App.D.C. 261; Vertner v. Vertner, 1934, 63 App.D.C. 179, 70 F.2d 783.

1941, 74 App.D.C. 163, 120 F.2d 730, 732, is the fact that, as this record discloses, it may be difficult if not impossible for appellee to maintain a suit for maintenance elsewhere.[1] Within the period of their matrimonial troubles appellant has resided at various times in Virginia, the District of Columbia and Maryland, and has claimed both residence and legal domicil in Arkansas. Since that claim has been rejected, the location of his domicil in any of the jurisdictions where he has resided might be very difficult for appellee to establish in another suit brought in any of them. She therefore has no convenient forum for securing the service of process on a domiciliary basis. Without that she might be unable to secure personal service in Virginia, her own and the last matrimonial domicil, and other jurisdictions might apply the doctrine of forum non conveniens applied in the Curley case,[2] even though service were secured by catching appellant on the run. To decline jurisdiction here and commit appellee to suit elsewhere might therefore be to put her upon a merry-go-round of litigation in other jurisdictions, with no certainty that any of them could or would exercise jurisdiction in her behalf. But for this difficulty, I should think the second marriage on the faith of the Arkansas divorce would constitute a strong reason, additional to those stated in the Curley case, for declining to exercise jurisdiction in this one.[3] The second wife is not a party to this suit, and while her rights are not and cannot be adjudicated, they also cannot but be affected seriously, if only indirectly in the legal sense. If another convenient forum were available, therefore, in my opinion exercise of jurisdiction ought to be declined, in accordance with the ruling in Curley v. Curley, supra. This, in order to avoid the necessity of declaring, without adjudicating, that the second marriage is void and doing so in a proceeding to which the second wife is not a party. It is doubtful whether any but a domiciliary jurisdiction of at least one of the parties should undertake to do this in any case. But since appellant's domicil has been so beclouded, the present circumstances justify a nondomiciliary jurisdiction in granting relief, if any could do so. I therefore concur in the decision which my brethren have reached.

---

[1] Cf. notes 2 and 3 infra.

[2] As I understand the Curley case, there were two independent grounds of decision, namely, that in the circumstances (1) comity might be and ought to be extended to the Florida decree; (2) that exercise of jurisdiction should be declined in application of the doctrine of forum non conveniens.

For recent application and discussion of the doctrine, see Universal Adjustment Corporation v. Midland Bank, 1933, 281 Mass. 303, 184 N.E. 152, 87 A.L.R. 1407, and authorities cited and discussed; Note (1933) 87 A.L.R. 1425; Dainow, The Inappropriate Forum (1935) 29 Ill. L.Rev. 867.

[3] The opinion in Curley v. Curley does not purport to make an inclusive enumeration of factors or circumstances indicating that exercise of jurisdiction should be declined. Those mentioned are illustrative. Undue hardship to the defendant in allowing the suit to be maintained and absence of special hardship to the plaintiff in remitting him to a more appropriate forum are taken into account. Universal Adjustment Corporation v. Midland Bank, 1933, 281 Mass. 303, 184 N.E. 152, 158, 87 A.L.R. 1407. Apropos the situation in the present case is the statement: "For the plea of forum non conveniens to succeed, it is necessary to show that some other court in a civilized country has jurisdiction." Dainow, The Inappropriate Forum (1935) 29 Ill.L.Rev. 867, 883, citing authorities.