## Harrell v. Howard et al.

Nov. 28, 1944.

R. S. Rose and R. L. Pope for appellant.

James Sampson for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment quieting the title of John Bailey to a tract of land in Harlan county. The litigation began in 1932 when J. T. Harrell brought an action against Charles H. Howard, E. R. Howard, Aretha Howard, and Irene Howard on a note. It seems that Charles H. Howard executed the note as principal and Aretha Howard, his mother, E. R. Howard, his brother, and Irene Howard, his sister, signed it as sureties. It was alleged in the petition that the defendants were about to dispose of their property with the fraudulent intent to cheat, hinder, and delay their creditors, and an attachment was issued and levied on 125 acres of land owned by Aretha Howard. The defendants Aretha Howard and Irene Howard were proceeded against as non-residents. On August 24, 1933, a default judgment was rendered, the attachment was sustained, and Aretha Howard's land was ordered sold. Five days later the defendants moved to set aside the judgment and tendered their answer in which it was alleged that judgment had been rendered against Aretha Howard, Charles H. Howard, and Irene Howard when they were not before the court by any warning order or any kind of process served on them and that judgment as to them was void. It also alleged that Aretha Howard was a resident of Kentucky, and the statements of the affidavit for an attachment were denied. The motion to set aside the judgment was sustained so far as the judgment sustained the attachment and ordered the land sold. Later the entire judgment was set aside. The next step taken was on February 26, 1935, when the plaintiff filed a pleading styled ''Reply and Amended Petition.'' On April 24, 1936, the plaintiff filed an amended petition making John Bailey a party defendant. He alleged that Bailey was claiming some interest in the land owned by Aretha Howard which had been attached, and asked that Bailey be required to set up whatever claim he had. On August 18, 1936, Bailey filed an answer in which he alleged that he was the owner in fee simple of the 125 acres of land in question; that Aretha Howard executed and delivered a deed to him on April 17, 1935, and that he paid to her $500 in cash; that he purchased the land in good faith and paid full value therefor. He further alleged that at the time the deed was delivered to him the plaintiff had no attachment lien on the land, but that if an attachment had been levied he had no notice thereof, either actual or constructive, and he asked that his title be quieted. The case remained in this state until

686

March 18, 1941, when the plaintiff filed a reply to the answer of John Bailey, who filed a rejoinder to the reply on March 19, 1941. On April 27, 1943, more than two years after the issues had been completed, the plaintiff took the deposition of John Bailey as if on cross-examination. On August 12, 1943, Bailey took his depositions and they were filed August 16, 1943. The proof shows that no lis pendens notice was ever filed in the Harlan county clerk's office, and that Bailey purchased the land from Aretha Howard for approximately its full value. According to the proof he had neither actual nor constructive notice of the attachment, and was a purchaser in good faith for value. On September 3, 1943, a judgment was entered dismissing the plaintiff's petition as amended against John Bailey, and Bailey was adjudged to be the owner of the land free from any lien or claim of the plaintiff.

The principal ground assigned for reversal of the judgment is the refusal of the presiding judge, Hon. James S. Forester, to vacate the bench. The record discloses that during the early stages of the litigation the firm of Forester and Carter represented the defendants, Aretha Howard and her sons and daughter. The last pleading signed by them was filed December 13, 1935, which was several months before John Bailey was made a party to the action. Hon. James S. Forester became judge of the Harlan circuit court on the first Monday in January, 1940, and thereafter passed on several motions and entered a number of orders in the case without objection. A motion to vacate the bench was never made, but on September 1, 1943, one of the attorneys for the plaintiff filed what is styled an "Affidavit," but which was not sworn to, in which he stated that the presiding judge had indicated that he had found for the defendant, John Bailey, and that as attorney for the plaintiff he objected to the regular judge trying the case on the merits because he represented some of the defendants before he was elected judge. Even if this be treated as a motion that the judge vacate the bench, it came too late. Clearly, the plaintiff waived whatever right he may have had. Roberts v. Sturgill, 257 Ky. 194, 77 S. W. 2d 789; Hobbs Bros. Drilling Co. v. Cooper, 236 Ky. 18, 32 S. W. 2d 542; Littleton v. Littleton, 229 Ky. 353, 17 S. W. 2d 204.

Appellant insists that he should have been given an opportunity to take his evidence in rebuttal before

the motion to submit the case was sustained. He failed to show what he expected to prove in rebuttal, and in view of the long delay, for which he alone was responsible, the court did not err in submitting the case and rendering judgment. The appellee Bailey filed his pleadings promptly, and took his evidence soon after appellant took the deposition of the defendant as if on cross-examination. Appellant delayed the taking of any evidence for more than seven years after Bailey was made a party, and he had ample opportunity to take his rebuttal evidence after Bailey filed his depositions.

We are unable to understand appellant's final contention that the chancellor "set aside a final order of sale of the land in the year 1938 which had become final and refused by another circuit judge in 1933," and that "he had lost jurisdiction of the final order of sale." The record shows that the judgment sustaining the attachment and ordering sale of the land was set aside five days later and at the same term of court in September, 1933.

Aretha Howard has been named an appellee. She died in 1941, and a motion for revivor was made on November 23, 1942, but was never acted upon. The judgment of September 3, 1943, from which this appeal is prosecuted, affected John Bailey alone, and obviously Aretha Howard was named an appellee through mistake. The appeal as to her is dismissed, and the judgment is affirmed.