# LYON *v.* BURSEY.

EVIDENCE; FORMER ADJUDICATION; EJECTMENT; ESTOPPEL.

1. A party to a suit may not impeach his own evidence, or assert that a record in a prior suit which he introduced in evidence does not import verity.

2. Where a motion of the defendant in ejectment for a directed verdict, on the ground that the plaintiff's recovery in a prior action is a bar to the present suit, is based wholly upon the record in the prior suit offered in evidence by plaintiff, there is no issue of fact for submission to the jury.

3. Where the plaintiff in ejectment as a part of his own case introduces in evidence the record in a former case, upon which the defendant relies as a bar to any further recovery, the defendant, at the close of plaintiff's evidence, may take advantage of the prior judgment on a motion for an instructed verdict.

4. Plaintiff sued in ejectment to recover the north half of a lot. He then amended his declaration so as to limit his claim to an undivided one half of such north half, and recovered a verdict and judgment. Thereafter he brought another action to recover the other undivided one-half interest. There was no change in the record title to the north half of the lot after the filing of the first suit, and in the second suit

the plaintiff relied upon the same proof that was available when he amended his first declaration. *Held* that by amending his first declaration and taking judgment for the one-half interest claimed in his amended declaration, he was estopped to maintain a separate action for the other half interest.

5. The doctrine of the common law as to the inconclusiveness of judgments in ejectment has been abrogated by statute in this District. (Construing D. C. Code, sec. 1002, 21 Stat. at L. 1349, chap. 854.)

No. 2201.　Submitted December 8, 1910.　Decided January 3, 1911.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action of ejectment. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an action of ejectment brought by appellant, Isaac S. Lyon, in the supreme court of the District of Columbia, to recover possession of an undivided one-half interest in the north half of lot 7, in square 834, in the city of Washington. It appears from the record that both parties claim to derive title from one William S. Walker, who died intestate in 1844, leaving as his only heirs at law four children, Thomas D. Walker, Mary E. Walker, William R. Walker, and Almea V. Davis. Plaintiff acquired in 1888 an undivided one-half interest in the entire lot, being the shares of Thomas D. Walker and Mary E. Walker, while the similar shares of the other two heirs were conveyed to other parties. These holdings existed in this manner until 1903, when, by a mutual exchange of deeds, plaintiff, as the owner of the moiety derived from Thomas D. Walker and Mary E. Walker, relinquished all his interest in the south half of said lot, and Colbert, Ridout, and Simmons, trustees in a certain equity cause, conveyed the moiety derived from William R. Walker and Almea V. Davis to the plaintiff. Subsequently, defendant, Isaac B. Bursey, took possession of the north half of said lot under a tax title.

On November 16, 1905, plaintiff filed a suit to recover

possession of the entire north half of the lot. The first trial resulted in a verdict for defendant. A new trial was granted. During the second trial, two separate and distinct interests were thought to be involved. One, plaintiff claimed to have acquired directly from Thomas D. Walker and Mary E. Walker, two of the heirs of the common source, and the other, from William R. Walker and Almea V. Davis, the other two heirs, through a number of transfers of different natures. Plaintiff then asked leave to file an amended declaration limiting his claim to an undivided one half of the north half of the lot, the interest derived 'directly from said heirs, which permission was granted by the court. The case was submitted to a jury, which returned a verdict for the plaintiff. An appeal was taken to this court, where the judgment was reversed and a new trial ordered. (30 App. D. C. 597.) On November 23, 1909, judgment was again entered for the plaintiff, from which no appeal was taken.

On March 26, 1907, plaintiff filed the present suit to recover the remaining undivided one half of the north half of the lot, to which a plea of not guilty was filed. A trial was had on May 26, 1908, which resulted in a verdict for the plaintiff. An appeal was taken to this court, where the judgment was reversed and a new trial ordered. (32 App. D. C. 231.) On the second trial, under a peremptory instruction, a verdict was returned for the defendant. From the judgment entered thereon, this appeal was taken.

*Mr. John Ridout* for the appellant.

*Mr. William Henry White* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The only question presented is whether plaintiff, by amending his original declaration in the suit to recover possession of the entire north half of the lot, and accepting judgment for an undivided one half thereof, estopped himself from bringing

a separate action to recover possession of the portion disclaimed in the former suit. It is conceded that no change in the condition of the record title to the north half of the lot has occurred since the bringing of the original action. The same proof upon which plaintiff now relies to establish his title to the portion of the lot here in controversy was available when he amended his original declaration.

The declaration in this case is in the usual form in ejectment. It contained a second count as to rent, use, and occupation, and for mesne profits, which was afterwards eliminated, and which is not material to this inquiry. Defendant entered the plea of not guilty, upon which issue was joined.

Plaintiff offered evidence to establish his chain of title to the common source, and then introduced the record with the verdict and judgment in the former case (No. 48,112). When he rested, counsel for defendant moved the court to instruct the jury to return a verdict for the defendant on the ground that plaintiff's recovery of possession of an undivided one-half interest in the north half of the lot in the former action was a bar to further recovery in this cause. Thereupon, plaintiff, by leave of court, amended his declaration, more specifically describing the property sought to be recovered as having been "acquired from William R. Walker and Almea V. Davis by mesne conveyances, and being another and different one-half undivided interest from that claimed in and recovered in cause No. 48,112, at law, wherein this plaintiff is plaintiff, and this defendant is defendant, of which undivided one-half interest sued for in this action, plaintiff was seized at the time said cause No. 48,112 was filed." Counsel for defendant renewed his plea of not guilty, and stood upon his motion, which was granted, and a verdict instructed for defendant.

It may be noted that the record contains a stipulation to the effect "that the undivided interest involved in said cause No. 48,112, at law, was another and different interest from that involved in this cause, and was derived from Thomas D. Walker and Mary E. Walker, whereas the undivided interest involved in this cause was derived from William R. Walker and

Almea V. Davis." This stipulation is not important, since the common source in each instance was William S. Walker, a common source available to plaintiff in the original cause of action.

It is insisted by plaintiff that the court erred in sustaining the motion, because it embodied a new defense arising after joinder of issue on the amended declaration, and that it was the province of the jury to pass upon the facts upon which the former recovery of an interest in the property originally in controversy became operative as a bar. This objection would have been effective had plaintiff proved his chain of title to a common source, and rested. The burden would then have been cast upon defendant of establishing the fact that the former judgment constituted a bar to the present proceeding; but plaintiff relieved defendant of this burden by introducing the record of the former adjudication as a part of his case in chief. Having elected to pursue this course, it does not lie in his mouth either to impeach his own evidence, or assert that the record does not import verity. The motion of defendant being based wholly upon the record introduced by plaintiff, no issue of fact was presented for submission to the jury.

It is also contended by plaintiff that, if the present action was barred by the former judgment, or was involved in a pending action, defendant's course was by plea in abatement. Had plaintiff rested the proof of his chain of title to a common source, it may be that defendant, by waiting until after plaintiff had submitted his evidence, would have been estopped either by plea in abatement or proof under the general issue, to avail himself of the former judgment. On this point, however, an expression of opinion is unnecessary, for plaintiff, by proving the former judgment, relieved defendant of any necessity for action until the time came to move the court for a peremptory instruction. When that time came, defendant availed himself of his right. He accepted the invitation extended, and we think plaintiff cannot be heard to complain.

It being true that the north half of the lot consisted of two separate undivided half interests, the title to which in each

instance was derived through a different channel, it may be that separate actions could have been originally maintained. But this course was not pursued. It is also true that there was a source of title in William S. Walker common to the whole tract and available in a single action. Plaintiff, having elected to bring a single suit, could not thereafter put himself in position to bring separate actions, except by taking a nonsuit without prejudice. This he did not do. He elected to adhere to his original action and accept a judgment for possession of a portion of the land in controversy. By so doing, in the light of the facts here presented, he forfeited his right to subsequently bring a separate action for the recovery of possession of the part abandoned.

We are not concerned with the inconclusiveness of judgments of ejectment at common law. Our statute requires that the action shall be brought in the name of the real claimant. D. C. Code, sec. 984 [31 Stat. at L. 1347, chap. 854]. The doctrine of the common law as to the inconclusiveness of judgments of ejectment has been abrogated by statute in this District. Sec. 1002 of the Code provides: "Any final judgment rendered in an action of ejectment shall be conclusive as to the title thereby established, as between the parties to the action and all persons claiming under them since the commencement of the action."

Every reason for the application of the strict rules of estoppel is present in this case. The parties in both actions are the same. They are the parties in interest, not only asserting in both instances the right of possession, but the title to the property. The property embraced in the present suit was included in the original cause. There has been no intervening conveyance to effect the chain of title, and the evidence in support of plaintiff's claim in the present case was available for his use in the original action. The judgment is affirmed, with costs, and it is so ordered.                              *Affirmed.*