## KINCADE v. WAH.
### No. 196.

Municipal Court of Appeals for the
District of Columbia.

June 22, 1944.

B. T. Sanders, of Washington, D. C., for appellant.

James A. O'Shea, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiff sued in the Landlord and Tenant Branch of the trial court for possession of certain premises, alleging she was entitled to possession and that defendant held possession without right by forcible entry and detainer. The record is incomplete and unsatisfactory but we gather from it, and briefs of counsel here, that the following proceedings occurred at the trial. At the close of plaintiff's evidence defendant's counsel stated that the matter had been determined in a previous proceeding in another branch of the court and offered in evidence the docket entries of the former suit and a copy of the complaint in that suit, the original papers being then misplaced in the clerk's office. The court reserved ruling on the admissibility of this evidence and ordered defendant to proceed with his other evidence. At the close of defendant's testimony, defendant again offered the evidence of the former suit. It was received, defendant was permitted to file a plea of res judicata, and the court directed the jury to return a verdict for defendant. The record does not show clearly on what ground the court directed the verdict, but the record and briefs indicate that the ruling was based on the former adjudication.

The record of the former action shows that the same plaintiff filed against the same defendant a bill of particulars in three counts, involving the same premises. The first count claimed money had and received by defendant for use of plaintiff out of rents from the premises; the second count sought damages for defendant's interference with plaintiff's contracts with her tenants on the premises; and the third count asked damages for defendant's wrongful entry on the premises and conversion of plaintiff's personal property thereon. The record further shows a directed verdict in that proceeding in defendant's favor. The bill of particulars and minute entry for directed verdict constitute the only evidence here to support the plea of res judicata.

The doctrine of res judicata has been so frequently and recently stated that we do not attempt to restate it. Larsen v. Northland Transportation Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096; Brown v. Brown, 74 App.D.C. 309, 122 F.2d 219; Smith & Gottlieb, Inc. v. Cheatham, D.C. Mun.App., 31 A.2d 676; Scholl et al. v. Tibbs, D.C.Mun.App., 36 A.2d 352.

Does the record show an attempt to relitigate an issue previously determined? Appellee insists that the ground of the previous suit was basically the same as that stated in the forcible entry and detainer

suit, and that changing the form of the action does not prevent operation of the bar of the former judgment. Certainly neither the first nor second count of the former action is the same as the present suit. The similarity, if any, must be found in the third count. But that count was essentially one for trespass with conversion of personal property laid in aggravation of damages. The present suit is a statutory action to recover possession.[1] The first suit alleged wrongful interference with plaintiff's possession and sought damages. The present one alleged defendant had taken possession and held by force and asked that possession be restored to plaintiff. The first relied on possession; the present on a right to possession. Forcible entry and detainer is not a substitute for trespass; and the actions are not the same. Of course, the possession of plaintiff was an element in both cases, but there is no showing that the two cases involve possession at the same time. The first suit stated no date of the alleged trespass but it was filed on March 17, 1942. The present claim is that the defendant has withheld possession since the month of April, 1942. There is nothing inherently contradictory in plaintiff claiming that in March the defendant interfered with her possession and in April took away her possession; and an adverse ruling on the first claim does not necessarily bar the second. It is not shown that any issue directly and necessarily determined in the former suit is again presented in the present one. The record of the former suit did not make out prima facie a bar to the present one, and accordingly the burden was on defendant to establish the fact that the former judgment constituted a bar to the present proceeding. Lyon v. Bursey, 36 App.D.C. 235. Where the record itself does not show that the matter was necessarily determined in the former suit, evidence aliunde, consistent with the record, should be offered. Washington A. & G. Steam Packet Co. v. Sickles, 5 Wall. 580, 18 L.Ed. 550. None was offered and we cannot determine from the record the points and issues in the first controversy or the basis of the directed verdict. Defendant failed to sustain his plea of res judicata by adequate evidence and the trial court erred in directing a verdict in his favor.

The question of whether plaintiff's proof showed sufficient force to establish her claim of forcible entry and detainer was apparently neither raised nor considered in the trial court and was not presented or argued here. Therefore, we do not pass upon it. Cf. Bedrosian v. Wong Kok Chung, D.C.Mun.App., 33 A.2d 811.

The judgment is reversed with instructions to grant a new trial.

Reversed.