**BLOCK v. WILSON et al.**

**No. 396.**

Municipal Court of Appeals for the District of Columbia.

July 26, 1946.

Rehearing Denied Aug. 7, 1946.

Jacob W. Block, pro se.

Herman Miller, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD, Associate Judge.

CAYTON, Chief Judge.

Plaintiff's claim was for possession of a furnished apartment. He charged that defendants were in default in the payment of rent to the extent of $250 for the period from December 1, 1944 to October 1, 1945. Defendants claimed the rent had been paid in full and filed a counterclaim for $50 for their expenditure in repairing a refrigerator belonging to the landlord. The controversy resolved itself mainly into a dispute as to whether the agreed rent was $75 per month as contended by plaintiff, or $50 as contended by defendants.

The case was submitted to the jury on eight carefully phrased interrogatories. The first five of these presented the question as to what if any rent defendants owed for the period from December 1944 through August 1945. All these the jury answered in favor of defendants. In response to the sixth and seventh interrogatories the jury answered that defendants owed $50 for September 1945; but in response to the eighth interrogatory they answered that the question of the refrigerator was a good equitable defense to the claim for that month. Judgment for defendants followed and plaintiff appeals.

He first argues that the trial judge should have instructed the jury as a matter of law that the defendants were obligated to pay $75 per month. But we think the trial judge was correct in leaving the

---

question to the jury, because it turned on conflicting evidence. Without detailing it here, it is sufficient to say that it was ample to support defendants' contention that the original agreement was for a $75 rental for three-person occupancy or $50 per month for two-person occupancy; that during the period in question only two persons occupied the apartment and the landlord accepted $50 per month as the agreed rental. Under the circumstances the trial judge would have had no right to take the case from the jury or to decide as a matter of law that the agreed rental was $75.

Appellant next contends that the trial judge erred in permitting defendants to amend their answer to assert (instead of their counterclaim of $50) an equitable defense against the $50 claimed for September 1945 rent. Under this defense they were permitted to show that they had expended $50 to repair the refrigerator, pursuant to express authority of the landlord, acting through his agent, "to get the refrigerator fixed and take it out of the rent." We hold that in allowing such amendment the trial judge was exercising his discretion in an entirely proper manner. Municipal Court Rule 15(a).

We have carefully examined other contentions raised by appellant and find them to be without merit. The record is free of error.

Affirmed.