**BOONE v. BOONE (two cases).**

**Nos. 9319, 9320.**

United States Court of Appeals
District of Columbia.

Argued Nov. 21, 1946.

Decided Feb. 17, 1947.

CLARK, J., dissenting in part.

———————

Mr. Thomas H. Patterson, of Washington, D. C., for appellant Daniel F. Boone.

Mr. Richard E. Wellford, of Washington, D. C., for appellant Martha Penelope Boone.

Mr. Louis M. Denit, of Washington, D. C., with whom Mssrs. A. Leckie Cox, Coleman L. Diamond and Thomas S. Jackson, all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

Appellee Martha Lightner Boone brought this suit in the United States District Court against appellant Daniel F. Boone on a money judgment which had been obtained against him in North Carolina, affirmed by the Supreme Court of that State, Lightner v. Boone, 222 N.C. 205, 22 S.E.2d 426, and affirmed on certiorari by the Supreme Court of the United States. Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587. Appellant's answer in the present suit undertook to attack the judgment in the North Carolina suit on the grounds, among others, that (1) appellant was in the army at the time of that suit and was therefore protected by the Soldiers' and Sailors' Civil Relief Act of 1940,

54 Stat. 1178, 1181, 50 U.S.C.A.Appendix, § 521; (2) the complaint in that suit named him only as trustee; and (3) that complaint did not contain an express prayer for a money judgment.

The District Court granted appellee's motion for judgment on the pleadings. We think the court was clearly right.

▉▉▉ The first of appellant's grounds of attack on the North Carolina judgment was considered and rejected by the Supreme Court of the United States. Obviously that ends the matter. Appellant's other grounds of attack on the North Carolina judgment are foreclosed by the principles of res judicata and of full faith and credit, even assuming that because appellant failed to raise these other grounds in the Supreme Court of the United States they are not foreclosed by its decision.

The summons and complaint upon which the North Carolina judgment was based were served upon appellant personally in North Carolina. That personal money judgment was expressly "awarded against the said Daniel F. Boone individually." [1] It involves no denial either of due process of law or of any other constitutional right. For the prayer of a complaint is no "part of the notice guaranteed by the Constitution. The facts stated fix the limit of the relief that can be granted. While the judgment must not go beyond that to which the plaintiff was entitled on proof of the allegations made, yet the court may grant other and different relief than that for which he prayed," and this other relief may take the form of a money judgment. Standard Oil Co. of Indiana v. State of Missouri, 224 U.S. 270, 285, 32 S.Ct. 406, 410, 56 L.Ed. 760, Ann.Cas. 1913D, 936. The North Carolina judgment is therefore entitled to full faith and credit in the District of Columbia. Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518. We have nothing to do with the questions regarding its propriety which appellant seeks to raise.

▉▉▉ The infant beneficiary of the trust, by next friend, appeals from so much of the judgment of the District Court as denied a motion for leave to intervene and to file a counter claim against appellee. But the beneficiary had no absolute right of intervention under Federal Rules Civil Procedure, Rule 24(a), 28 U.S.C.A. following section 723c, since she cannot be bound by the judgment in the pending suit. In our opinion the court did not abuse its discretion under Rule 24(b), which provides for permissive intervention.

Affirmed.

CLARK, Associate Justice (dissenting in No. 9319).

The second ground of attack advanced by appellant Daniel F. Boone was not covered by the decree of the Supreme Court in Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587. The North Carolina judgment is not entitled to full faith and credit for the reason that appellant personally was not a party in the North Carolina action and the North Carolina court had no jurisdiction over him in his personal capacity.

For this reason, I am of opinion that the judgment below should be reversed.

---

[1] The United States Supreme Court stated that appellant was sued in North Carolina "to require him to account as trustee of a fund * * * and to obtain personal judgment for deficiency in the fund." 319 U.S. 561, 562, 63 S.Ct. 1223, 1225, 87 L.Ed. 1587.