### BLOCK v. WILSON et al.
### No. 521.

Municipal Court of Appeals for the District of Columbia.

July 31, 1947.

Modification Denied Aug. 11, 1947.

Jacob W. Block, pro se.

Herman Miller, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff as landlord sued defendants as tenants for possession of a top-floor furnished apartment upon the principal ground that the tenants "have refused and still re-

fuse to allow the landlord to rent a part of said apartment to a suitable person, in accordance with their agreement and in accordance with the order of the Rent Control Administrator." The tenants filed a motion to dismiss, which was granted by the trial court on the grounds (1) that the matter had been adjudicated by a prior suit, (2) that "under the conceded facts" the complaint did not state a cause of action, and (3) that the complaint was not in compliance with rule 13 regarding the form of the complaint. The landlord appeals from such dismissal.

The only facts (aside from those contained in the pleadings) of which we are entitled to take cognizance as to the proceedings in the trial court are contained in the statement of proceedings and evidence approved by the trial judge. Aside from the recital of the reasons for granting the motion to dismiss, the only additional facts contained in the trial court's statement are that at the hearing defendants' counsel "referred" to a prior case between the parties, that the former case involved the same premises and was between the same parties, and that plaintiff "advised the Court that the Administrator of Rent Control set the maximum rental for one, two or more persons, and for unit rate the amount was $60 per month." The statement added that "the facts on the motion were conceded." What such facts were we are not advised.

On the basis of the information before us, we have no choice but to reverse the judgment of the trial court. Treated as a hearing on a motion to dismiss, as it actually was, the proceedings were erroneously conducted because a motion to dismiss concedes all facts well pleaded in the complaint, and we are of the opinion that, however loosely drawn, the complaint stated a cause of action.

Municipal Court Landlord and Tenant Rule 13 specifies the form of complaint to be used in actions to recover possession of such property. Among permitted grounds specified in such form is that "possession is sought under Section 5 of the District of Columbia Emergency Rent Act by reason of the following: (Explain fully)." The landlord in this case used the

specified form, stating, as already indicated, that the tenants refused to allow the landlord to rent a part of the apartment to a suitable person "in accordance with their agreement * * *." Under section 5 of the Rent Act,[1] one of the grounds upon which landlords may recover possession of housing accommodations is that the tenant is "violating an obligation of his tenancy." It follows that if the alleged agreement existed between the parties at the time suit was brought, and if it was an obligation of the tenancy and it was being violated by the tenants, then the landlord was entitled to possession. Thus it was error to dismiss the complaint on the ground that it did not state a cause of action.

 A further ground given for the dismissal was that the controversy had been adjudicated in a prior suit. 48 A.2d 461. The record with respect to the prior suit, however, was not before the trial court, and it is not shown that the court was asked to take judicial notice of such record or did in fact do so. The general rule is that res judicata or any other matter constituting an affirmative defense must be affirmatively pleaded and such defense may not be raised by motion addressed to the sufficiency of the complaint.[2] In the Landlord and Tenant Court answers to complaints are not required, but even under the informal procedure in that court appropriate steps must be taken to get the record of the prior adjudication relied upon before the court. This is particularly true where as here the prior judgment could not be depended upon as an absolute bar to the present one. The causes of action in the two cases were obviously different. The former suit was one for possession for nonpayment of rent for a period ending in 1945; this is one for possession for the violation of an obligation of a tenancy. Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered.[3]

 We take judicial notice of the appeal in the previous case, Block v. Wilson, D.C.Mun.App., 48 A.2d 461. The record before us in the present case shows clearly that the trial court did not have before it the exhibits and other records involved in the prior case, and hence was unable to properly determine whether the issues in the present case were determined in the former one.

While for the reasons stated we believe that the judgment below must be reversed, we are not to be understood as approving the verbose and argumentative form of the complaint. Neither do we hold that issues tried and determined may be relitigated. We hold only that, construed in the light most favorable to plaintiff, the complaint stated a cause of action and hence was erroneously dismissed.

Reversed, with instructions to award a new trial.

---

1 Code 1940, 45—1605(b) (1).
2 Zeligson v. Hartman-Blair, Inc., 10 Cir., 135 F.2d 874.

3 Carmody v. Simpson-Sullivan Co., 44 App.D.C. 39.