## BLOCK v. WILSON et ux.
### No. 665.

Municipal Court of Appeals for the
District of Columbia.

Sept. 27, 1948.

Rehearing Denied Oct. 11, 1948.

See also 54 A.2d 646.

Jacob W. Block, pro se.

Herman Miller, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal represents the culmination of a long series of suits and counter-suits between the parties having to do with the alleged refusal and failure of appellant to keep in repair a refrigerator installed in an apartment rented by him to appellees. In this suit, as in several previous suits, appellant sought possession of the apartment on the ground that appellees had refused to pay their rent, and appellees counterclaimed under the District of Columbia Emergency Rent Act for an amount claimed to be due by reason of the failure of appellant to repair the refrigerator. The trial court found that appellant was entitled to possession of the apartment by reason of the nonpayment of two months' rent in January and February, 1948, totaling $100, but that appellees were entitled to collect $50 for failure to repair the refrigerator plus $25 attorney's fee, and that such total of $75 should be deducted from the $100 rent and the balance paid in order to prevent appellees' eviction. The landlord prosecutes this appeal.

In the first of the actions growing out of this controversy, a jury found that appellees herein owed $50 for one month's rent, but that they were entitled to an

equitable defense to the extent of $50 by reason of the fact that appellant's agent had authorized them to deduct $50 from the rent on account of expenditures for the repair of the same refrigerator. On appeal the judgment based upon such jury verdict was affirmed by this court, Block v. Wilson, D.C.Mun.App., 48 A.2d 461, and an application for appeal filed in the United States Court of Appeals for the District of Columbia was denied. Two additional suits involving the same issues were subsequently filed but were settled and dismissed "with prejudice" by stipulation of the parties. Appellant urges here that such dismissal "with prejudice" of previous actions by stipulation of the parties disposes of the present counterclaim, but this position obviously is not well taken because in the present action the claim for failure to repair the refrigerator is for a period subsequent to those involved in the previous actions.

Appellant also urges now, as he has previously, that he was not required to repair the refrigerator because of an agreement made at the beginning of the tenancy and dated November 1, 1944, which was not signed by him but was signed by appellee Mary Wilson in the name of herself and of her husband, appellee James R. Wilson, to the effect that "If there is a refrigerator in use the landlord does not agree to keep it under repair." Subsequent, however, to the making of this agreement, or on August 1, 1945, the District of Columbia Rent Administrator determined the rent for this apartment and also determined that such rent was based upon a minimum service standard including "electricity, furniture, furnishings, heat, hot water, repairs and maintenance in good habitable condition." According to the testimony of appellees in the present case, when they took possession of the apartment it contained the refrigerator, which was in good working order, and furthermore that although it was repaired prior to the first suit it again became out of order in November 1947 and remained out of order through February 1948. The trial court found as a fact that the service required of appellant included refrigeration service.

We conclude that the trial court's finding was amply supported by the evidence. Furthermore, the Rent Act [1] provides that "It shall be unlawful, regardless of any agreement, lease, or other obligation heretofore or hereafter entered into, for any person to * * * refuse to supply any service required by the minimum-service standard * * *." Since the evidence justified the finding of the existence of the refrigerator in the apartment at the time of its rental by appellees, the order of the Administrator required that the landlord keep it in repair.

Appellant next urges that he was not notified of the bad condition of the refrigerator during the period in question and did not "refuse" to make the repairs and hence was not liable for such refusal. The Rent Act [2] makes the landlord liable when he "refuses to render services." However, the stipulation of fact between the parties filed in the present action, while showing that plaintiff claimed he had no knowledge concerning lack of repairs to the refrigerator, shows that appellees claimed that he was informed of the situation. The trial court found as a fact that there had been "inexcusable failure" by appellant to supply the refrigeration and found that appellees were entitled to recover on their counterclaim to the extent indicated. Under the circumstances, we conclude that the conclusion of the trial court was fully supported by the evidence, and that the landlord's actions amounted to a refusal of the service. Indeed, appellant can hardly claim now that he did not refuse to repair the refrigerator. It has been his persistent position since the question first arose that he did not have to repair it. That he has refused to do so is not open to serious question.

We have considered other errors assigned and find them without merit.

Affirmed.

---

[1] Code 1940, Supp. V, § 45—1605(a).    [2] Code 1940, Supp. V, § 45—1610(a).