## BISCHOFF v. PERSON.
### No. 910.

Municipal Court of Appeals for the
District of Columbia.

Argued May 2, 1950.

Decided June 2, 1950.

Rehearing Denied June 16, 1950.

Mark P. Friedlander, Washington, D. C.,
for appellant.

Charles H. Quimby, Washington, D. C.,
for appellee.

Ruffin A. Brantley, Assistant General
Counsel, Washington, D. C., for the Administrator of Rent Control, intervenor. Ernest F. Williams, Washington, D. C., also
entered an appearance for the intervenor.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from a judgment in
favor of a tenant under the District of

Columbia Emergency Rent Act because of the alleged refusal of the landlord to comply with a minimum service standard to make repairs.[1]

The case was tried below in two aspects. Upon the petition of the landlord, Mrs. Bischoff, joined in by the assignor of Mrs. Person, the tenant, the rent on the premises, a large rooming house, was increased in 1946 by the Rent Administration from $200 to $235 a month and at that time the service standard was adjudged to include "screens and repairs." Shortly thereafter Mrs. Bischoff and the assignor of tenant made a written lease by which the lessee agreed to make all repairs except repairs to the roof and outside plumbing. After taking possession under the assigned lease, Mrs. Person caused inside repairs to be made at a total cost of $128.10, which the jury found were reasonable in cost and necessary to keep the premises in good condition. Believing that under her assigned lease it was her obligation to pay for such repairs, Mrs. Person made no demand upon Mrs. Bischoff to make them and consequently they were not refused except by the making of the lease.

About July 1, 1948, Mrs. Person, through communications with the Rent Administrator, discovered for the first time that the service standard for the premises included the furnishing by the landlord of repairs and also that in obtaining the increased rental in 1946 Mrs. Bischoff had represented to the Administrator that "petitioner finds greatly increased costs to maintain the premises in roof repairs, major plumbing repairs, major heating repairs, plastering, major floor maintenance, and general, necessary ownership repairs, exclusive of inside decorating, to maintain premises in livable condition and to protect investment in the property." Upon gaining this information Mrs. Person, in writing, informed Mrs. Bischoff that it was the duty of the latter to make repairs and that the furnace was in imperative need of immedi-

ate repair. This letter was turned over to Mrs. Bischoff's attorney and some correspondence followed, but she never had the furnace repaired. About two months later Mrs. Person engaged a plumber to repair the furnace at a cost of $275, and in this case also the effect of the jury's finding was that this work was necessary and that the cost was reasonable.

The trial court instructed the jury as a matter of law that the making of the lease placing the burden of making inside repairs on the tenant constituted a refusal within the meaning of the Rent Act and that therefore Mrs. Person was entitled to recover twice the $128.10 spent prior to July 1, if the amount spent were necessary and reasonable.[2] As to the second item, $275, the court also left to the jury the question of whether the landlord had refused the repairs. The jury found for the tenant on all items and gave her a total verdict of $806.20. The court, as authorized by the act, awarded an additional sum of $200 as counsel fees plus costs.

 Dealing first with the item of $275, we rule that the jury's verdict was amply supported by the evidence, both as to refusal of the services by the landlord and the reasonableness and necessity of the expenditure. We have held previously that a refusal as contemplated by the act need not be explicit and that a repeated failure to perform a duty may be equivalent to a refusal.[3] The same situation exists here. The evidence indicated that the furnace was leaking badly and the tenant herself, as operator of a rooming house, would have been liable to her tenants under the Rent Act if she failed to furnish the proper heat. As to this phase of the case, therefore, we affirm the judgment of the trial court.

 As to the three items totaling $128.10 expended by the tenant without any demand having been made upon the landlord, we have concluded that they were

1. Code 1940, Supp. VII, 45—1610(a).

2. The measure of damages was not assigned as error and therefore has not been considered by this court. Cf. Goldberg

v. Roumel, D.C.Mun.App., 47 A.2d 790.

3. Bond v. Pinchot, D.C.Mun.App., 66 A. 2d 213; Block v. Wilson, D.C.Mun.App., 61 A.2d 493.

not collectible, with the double penalty, under the Rent Act. On this item the tenant relied entirely upon what might be termed an anticipatory violation of the service standard. The establishment of this standard was accompanied by unusual circumstances. On January 1, 1941, the test date under the Rent Act, the premises were occupied as tenant by Mrs. Bischoff, the present landlord, at $200 a month rent. The petition to increase the rent to $235 a month filed by Mrs. Bischoff in 1946 was made to the Rent Administrator on a form which left blank items both as to inside and outside repairs among items listed as "included in rent", although various other items were checked. The rent examiner's finding allowed the requested increase in rental and fixed the service standard as including screens and repairs. Another finding indicated that those services by the landlord were in effect January 1, 1941. This finding may have been in error, but there was no appeal from the Administration's determination, which was one the Administrator was authorized by statute to make. We believe that the Municipal Court and likewise this court are bound by such minimum service standard. It was accompanied by an increased rental of which the landlord has had the benefit. Nevertheless, we do not believe the Rent Act embraces such an anticipatory refusal as is here contended for. To have a refusal of services within the meaning of the Rent Act, the landlord must have some knowledge of the need for services and an opportunity to furnish them. The tenant may have available some other form of action, but we do not believe she is entitled to sue for the penalties of the Rent Act. As to the items totaling $128.10, therefore, we reverse the judgment of the trial court.

Since the award of $200 counsel fees may have been based, in part at least, upon the amount of the recovery, we remand the action to the trial court solely on the point of counsel fees.

Affirmed as to the item of twice $275, reversed as to the item of twice $128.10, and remanded for reconsideration as to the amount of counsel fees.