**LUPIN v. G. M. P. CORP.**

**No. 1155.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 13, 1951.

Decided Nov. 30, 1951.

———◆———

Robert E. Lynch, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiff, a tenant in an apartment house, sued her landlord in the Small Claims Branch of the Municipal Court for violation of a minimum service standard, claiming statutory damages of $50 as provided by the District of Columbia Emergency Rent Act.[1] There was judgment for landlord-defendant, and this court granted an appeal.[2]

The basic facts are uncontradicted. The tenant first complained about a water leak from a shower stall in her apartment in January 1951. The engineer, an employee of the landlord on the premises, was notified and looked at it, but did nothing to correct the condition. The water had caused the wallpaper to peel off the walls of three rooms surrounding the shower. A month later the tenant again complained about the condition to one of the maintenance men, but again the landlord did nothing. In July 1951, approximately six months after the original complaint, the tenant once more reported that the situation still prevailed, this time to the manager of the apartment building. The manager sent a plumber to correct the condition, without success. Witnesses for both parties gave the same testimony as to the condition of the walls. Defendant's manager testified that he had personally received no complaint until July 12, 1951, and that he then immediately sent someone to repair it. But he also testified that the engineer was one of the persons to whom complaints could be made. However, the engineer is no longer in the landlord's employ and was not called as a witness. Neither was the plumber who actually did the work on the shower stall in July 1951. The trial judge in his findings stated:

" * * * the difficulty with this shower and these walls occurred around the first of this year, originally, and it would appear that some complaint was made to the Engineer and the Engineer went up there and looked at it.

1. Code 1940, Supp. VII, § 45–1610(a).

2. Code 1940, Supp. VII, § 11–772(a).

"Further complaint was made early in July * * * and according to all of the evidence the defendant sent somebody up to repair the damage or attempt to repair the damage sometime during the ten days preceding the date of the filing of this suit."

He went on to find that there was no refusal by the landlord to render the service required.

■ We must hold that such ruling was wrong. The uncontradicted evidence revealed, and so the judge found, that notice of the leak was given in January 1951. He also found that it was early in July that the attempt to repair was made. And yet he concluded that there had been no "refusal" to repair. This conclusion was erroneous. As we have previously said, "We do not believe that a refusal, as contemplated by the Act, need be explicit. A repeated failure to perform a duty may, we believe, be equivalent to a refusal." [3]

■ In this case the minimum service standard required to be maintained by the landlord was introduced in evidence. It specified that inside repairs were to be included within the minimum service. Consequently, failure to make such repairs, under the circumstances in this case, was tantamount to a refusal to do so.

Appellee argues that the case turned on issues of fact. It is true that there was considerable conflict in the testimony. But on the major questions as to the leak and the extent thereof, the fact and time of notice, and the landlord's failure to correct the defective condition for some six months, there was no contradiction.

Since the evidence and the law clearly support an award of $50 (as fixed by the Rent Act), the judgment must be reversed with instructions to enter judgment for plaintiff for that amount.

Reversed.

3. Bond v. Pinchot, D.C.Mun.App., 66 A.2d 213, 217. See also Bischoff v. Person, D.C.Mun.App., 73 A.2d 716; Block v. Wilson, D.C.Mun.App., 61 A.2d 493.