Walter L. HODDE and Iris K. Hodde,
Appellants,

v.

Lawrence W. CHANEY and Raymond D.
Chaney, Appellees.

No. 2098.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 9, 1957.

Decided March 17, 1958.

Lowry N. Coe, Washington, D. C., for
appellants.

Robert N. Price, Washington, D. C., for
appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Mr. and Mrs. Hodde, who are appellants here, purchased a tract of unimproved timberland of approximately 114 acres in Prince Georges County, Maryland. The seller was a Mr. Winn, who at the time of the sale pointed out to Mr. Hodde a stake as marking the corner of the property. A short time after making the purchase Mr. Hodde engaged a Mr. Hall to sell the timber on the land, and he pointed out to Hall the same stake as marking the corner. Mr. Hall then engaged a Mr. McWilliams to cruise the tract. McWilliams made the cruise from the starting point indicated by Hall, the stake above mentioned. On the basis of the cruise Hall prepared an advertisement for the sale of "an estimated total of 471,000 board feet" of hardwood. The Chaneys, appellees here, who are engaged in the lumber business, saw the advertisement and sent their representative to inspect the timber. Mr. Hall showed this representative the same stake as marking the corner of the tract and with a sweep of his arm indicated the timberland. Appellees' representative then made a limited cruise and as a result appellees offered to buy the timber for $6,500. The offer was accepted and a formal contract made. The contract contained no reference to any specific amount of timber, but provided for the sale of designated timber on a tract of land described by metes and bounds, "containing by approximation 114.13 acres."

The contract was executed on March 18, 1953, and gave appellees approximately two years in which to cut and remove the timber. After the contract was signed, Mr. Hall engaged McWilliams to mark the boundary line between the Hodde tract and the adjoining land owned by a Mr. Gascoyne. Taking the stake as the starting point, and with the aid of a compass and map, McWilliams determined the line, and then indicated the line by painting marks on the trees; and in September 1953 he pointed out this line to appellees as the boundary line. Thereafter appellees began cutting the timber and in April 1954 discovered that they had cut timber from approximately twelve acres of the adjoining Gascoyne property. Gascoyne made claim for damages occasioned by this cutting and appellees settled the claim by payment of $750. Thereafter appellees brought this action against the Hoddes seeking recovery of the settlement money plus additional damages. The trial court allowed recovery of $603, found to be the reasonable value of the timber cut and removed from the Gascoyne tract.

In allowing recovery the trial court found that when the Hoddes made their purchase their vendor pointed out to them the purported boundary lines of the tract, which in fact included twelve acres belonging to Gascoyne; that Mr. Hodde pointed out to Hall those same boundary lines; that the same boundary lines were pointed out to appellees' representative who cruised the tract; that the appellees relied on the estimate made from that cruise, and made an offer for the timber seen by their representative on the tract pointed out to him. The court further found that no fraud or deceit was practiced by the Hoddes; that both they and appellees mistakenly believed the boundary pointed out to be the true boundary.

Appellants argue that this action is one for deceit, and since the trial court specifically found no fraud on the part of appellants, it necessarily follows that it was error to allow recovery against them. Brashears v. Collison, 207 Md. 339, 115 A. 2d 289, and other Maryland cases are cited for the proposition that under Maryland law an innocent misrepresentation will not sustain an action for deceit. Assuming that such is the law in Maryland, it is also the law in that state that an innocent misrepresentation or mutual mistake may be the basis for rescission of a contract or abatement of the purchase price. Brodsky v. Hull, 196 Md. 509, 77 A.2d 156. It is

true that the complaint in this case was framed as one for damages for fraudulent misrepresentation, but under Rule 54 of the trial court judgment should be awarded for the relief to which a party is entitled, even if such relief was not demanded in the pleadings. It is plain that the trial court did not award damages for deceit but, in effect, allowed an abatement of the purchase price because appellees were led to believe, by reason of appellants' innocent misrepresentation, that the timber they were buying included the timber on twelve acres of the Gascoyne property.

 Appellants contend that appellees could not and did not believe they were buying timber on any part of the Gascoyne tract because the contract provided only for the sale of timber on appellants' land which was specifically described by metes and bounds in the contract. This argument cannot stand in the face of the finding that appellees' offer was to buy the timber on the tract pointed out to them. This finding is supported by the testimony of every witness in the case. It is clear that, because of the mistaken belief as to the correct starting point of the boundary line, appellants believed they were selling, and appellees believed they were buying, the timber on a tract which included the Gascoyne twelve acres; and when the parties reduced their agreement to writing it was their understanding that the tract described therein included those twelve acres.

 Appellants further argue that appellees failed to prove that they sustained any damage. The argument is that appellees failed to show that the timber on appellants' land did not produce the estimated 471,000 board feet, and therefore it may well be that appellees got that amount or more from appellants' land, and that the taking of timber from the Gascoyne tract amounted to nothing more than a purchase of additional timber. The answer to this is that there was no sale of any specified number of board feet. The sale was for the timber on a tract. For that

timber appellees paid $750 more than they had bargained to pay. Clearly they were damaged and the trial court fixed their damages at $603.

 Finally, appellants argue that the action is barred by our three-year statute of limitations, in that the action was not commenced until more than three years from the making of the contract. We think the trial court correctly held that the statute did not begin to run until the discovery of the mistake.

Affirmed.