Alan R. CRAIN, Appellant,

v.

Florence C. CRAIN, Appellee.

No. 3644.

District of Columbia Court of Appeals.

Argued March 1, 1965.

Decided April 12, 1965.

Alvin L. Newmyer and John A. Kendrick, Washington, D. C., for appellant.

Mark B. Sandground, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The parties to this appeal were separated by judicial decree in December 1958. The court at that time awarded custody of the parties' three children to appellee-wife. One of these children, suffering from mental retardation and epilepsy, must receive special care and is presently enrolled in a residential rehabilitation center for children with mental and emotional problems. In September 1964 appellee filed a motion which sought to transfer custody of the child to appellant-husband, alleging that she could no longer afford to keep him at the center. Although the trial court denied this motion, it did increase the support and maintenance payments for appellee and the children from $646 to $900 a month. The husband appeals from the part of the order which increased alimony payments on the grounds that appellee sought only a change of custody, not an increase in alimony; that there had been no substantial change in financial circumstances since an order of the court less than a year before denying such an increase; that testimony pertaining to events prior to that earlier order was erroneously admitted; and that the amount of support and maintenance which he is now required to pay. is excessive.

The courts of the District of Columbia are not required to apply strict rules of pleading, especially where the welfare of a child is involved. In fact, Civil

Rule 54(c) of the Court of General Sessions requires the court, upon the request of a party, to grant the relief to which that party is entitled, even if there is no formal demand for such relief in the pleadings. Boone v. Boone, 82 U.S.App.D.C. 38, 160 F.2d 13, cert. denied, 332 U.S. 766, 68 S.Ct. 73, 92 L.Ed. 351 (1947); Hodde v. Chaney, D.C.Mun.App., 139 A.2d 510 (1958); Branson v. Harris, D.C.Mun.App., 100 A.2d 38 (1953). We think the record shows that appellee was entitled to the increase in support and maintenance which she received. And a request for that alternative relief was implied in her motion for transfer of custody, as that motion was grounded on her need for more support. But, even more explicitly, she requested the relief when the following colloquy took place on cross-examination:

"Q. So, in effect you are asking for an increase of whatever the amount of the schooling is in the support that Dr. Crain is providing, is that correct?

"A. Well, if you word it that way."

■ As has been stated many times in the past, the paramount consideration in child custody cases is the welfare of the child. And since the trial court is in a position to determine what is best for the child, its judgment will not be disturbed on appeal except in cases of manifest abuse. Bartlett v. Bartlett, 94 U.S.App.D.C. 190, 221 F.2d 508 (1954); Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153 (1945); Coles v. Coles, D.C.App., 204 A.2d 330 (1964); Hitchcock v. Thomason, D.C.Mun. App., 148 A.2d 458, rev'd on other grounds, 107 U.S.App.D.C. 27, 274 F.2d 89 (1959); Bouchard v. Bouchard, D.C.Mun.App., 148 A.2d 463 (1959); Davis v. Jurney, D.C. Mun.App., 145 A.2d 846 (1958). The court is authorized to use its discretion to make such orders as it may deem necessary and proper for the best interests of the children without being constrained by the wording of the motion. "In divorce actions, the relief which may be granted with respect to the custody of a minor child is not necessarily limited by the form or prayer of the pleadings * * *."[1] The trial court's decision that the welfare of the child would best be served by leaving him in the custody of his mother and by providing her with enough support for his care was clearly not an abuse of discretion.

■ We find no merit in appellant's contention that there had been no substantial change in circumstances since the October 1963 order denying appellee's motion for an increase in support and maintenance. The record shows that since that time appellee has been assessed for approximately $1,650 in back taxes. Her ability to pay her son's tuition was thus severely restricted. This, combined with the evidence that appellant's income had increased appreciably, was substantial enough change to warrant the order increasing alimony payments. And, based on the fact that appellant's income is in excess of $47,000 a year, we cannot find that alimony payments of $900 a month for the support and maintenance of appellee and the three children are excessive. Garrett v. Garrett, 61 App. D.C. 309, 62 F.2d 471 (1932).

■ We come now to appellant's contention that the trial court erred in admitting testimony about events which occurred before the court's decree of October 1963. The claim is that the doctrine of res judicata should have prevented the admission of evidence of misconduct which occurred prior to a former adjudication. Since, however, this proceeding is based on a cause of action different from the one before the court in 1963, only those matters which were actually litigated in the prior action are barred from relitigation by the doctrine of collateral estoppel. Pippin v. United States, 74 App.D.C. 131, 121 F.2d 98 (1941); Block v. Wilson, D.C.Mun.App., 54 A.2d 646 (1947); Restatement of Judgments § 68 (1942). The record fails to show that

1. Nelson, Divorce and Annulment, Vol. 2 § 15.51, p. 350 (2d ed. 1961).

the testimony to which appellant objects was before the court in the earlier action. And, even if the doctrine could have been applied, appellant's general objection was not sufficient to apprise the court of his defense. An objection or defense of res judicata or collateral estoppel ordinarily will not be judicially noticed by the court; it must be raised specifically or it will be deemed to have been waived. Scholla v. Scholla, 92 U.S.App.D.C. 9, 201 F.2d 211 (1952), cert. denied, 345 U.S. 966, 73 S.Ct. 952, 97 L.Ed. 1385 (1953); Block v. Wilson, supra; Kincade v. Wah, D.C.Mun.App., 38 A.2d 112 (1944). Finally, we point out that

where the welfare of the child is involved, technical doctrines, such as res judicata, should be applied with great care. Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 1953 (1945); Nelson, Divorce and Annulment, supra, Vol. 2 § 15.47. As the United States Court of Appeals for the District of Columbia stated:

"* * * res judicata, as the embodiment of a public policy, must, at times, be weighed against competing interests, and must, on occasion, yield to other policies." [2]

Affirmed.

2. Spilker v. Hankin, 88 U.S.App.D.C. 206, 210, 188 F.2d 35, 39 (1951).